MARTIN KRAEMER *vs.* RUDOLPH DEUSTERMANN.

November 25, 1887.

**Principal and Agent—Purchase in Agent's Name—Trust.**—If an agent employed to purchase lands for his principal, and with his money, upon the purchase thereof takes the title thereto in his own name without the knowledge or consent of the latter, he will be adjudged to hold the title as trustee for his principal, and, if sold and transferred by him, the proceeds in his hands will be impressed with a similar trust, and the court will compel him to account therefor.

**Duress—Pleading.**—Duress defined, and the allegations in the complaint *held* insufficient to sustain a claim that the payment of a certain sum of money was obtained under compulsion.

**Pleading—Fraud.**—Where the payment of money is alleged to have been obtained by fraud and undue influence, the facts constituting the same must be set forth in the pleading.

Appeal by plaintiff from an order of the district court for McLeod county, *Macdonald,* J., presiding, sustaining a demurrer to the complaint, the grounds of demurrer being (1) that the complaint does not state facts sufficient to constitute a cause of action, and (2) that several causes of action are improperly united.

The complaint alleged in substance the following facts: On September 11, 1880, the plaintiff and defendant entered into an agreement, whereby the defendant, in consideration of plaintiff's promise to purchase and pay for a certain tract of land, agreed with the plaintiff that if the plaintiff would pay the sum of $1,600, the purchase price of the land according to the terms of sale by the owner of the land, that he, the defendant, would procure for the plaintiff a deed to the premises, and would procure the title in fee to be vested in the plaintiff; and by the terms and conditions of the agreement the defendant was to act as the agent of the plaintiff in the premises. Relying upon such agreement, the plaintiff promised the defendant to pay the sum of $1,600 for the purchase price of the land. On September 17, 1880, defendant informed plaintiff that the deed to

the land had arrived and was in the Bank of Glencoe, and that it was necessary for plaintiff, in order to obtain possession and delivery thereof, to pay $200 as part of the purchase price for the land, and thereupon plaintiff paid defendant $200, to be applied as part of the purchase price for the land, which sum the defendant agreed to apply as aforesaid. This sum of $200 was all that was required to be paid according to the terms of purchase for the land at the time in order to obtain the deed and the possession and delivery thereof. Without the knowledge or consent of the plaintiff, the defendant fraudulently caused the deed to be made to and delivered to the defendant instead of the plaintiff, which deed was duly recorded on September 20, 1880. On July 6, 1882, without the knowledge or consent of the plaintiff, the defendant fraudulently conveyed one-half of the land for $1,675, out of which sum he paid the unpaid balance of the purchase price of the entire tract, leaving in his hands $275 belonging to the plaintiff, and which the defendant has refused to pay over, although demanded. Plaintiff had no notice or knowledge of the fraudulent transactions of the defendant until July 14, 1882, at which time the plaintiff was in actual possession of the land and had built and erected valuable buildings upon the half not sold. Thereupon "the defendant wrongfully and unlawfully, through threats, duress, and false and fraudulent representations, represented and threatened to eject and turn this plaintiff from said land, unless plaintiff would pay him the further sum of $300 in consideration of a deed of conveyance" of the land. The complaint further alleges that "from fear of the threats so made by the defendant, and fearing that he would carry the same into effect, and that thereby plaintiff would sustain great injury and damage, and relying upon the false and fraudulent representations made by defendant as aforesaid and believing them to be true, plaintiff paid defendant said sum of $300," in consideration of which the defendant conveyed to the plaintiff the portion of the land not sold. Upon these facts plaintiff demands judgment for $575, and also for the further sum of $500 damages for the fraudulent acts of the defendant.

*W. F. Schoregge,* for appellant.

*C. D. O'Brien,* for respondent.

VANDERBURGH, J.    The complaint in this action is demurred to for insufficiency, and for misjoinder of causes of action.

1. The statement of the transaction out of which a cause of action is claimed to have arisen in plaintiff's favor is not very full or clear, but it may be gathered from it that the relation of principal and agent existed between the parties, and that the defendant undertook, as plaintiff's agent and by his authority, to negotiate the purchase of a quarter-section of land for plaintiff at the price of $1,600, with the understanding that the title thereto should be vested in the latter; that thereafter the defendant informed him that the deed of the land had been executed, and deposited in a bank in the village of Glencoe, and that, in order to obtain the delivery thereof, it was necessary for the plaintiff to advance the sum of $200 in cash, part of the price, being the cash-payment required to consummate the purchase; that the plaintiff intrusted the management of the business to defendant, and advanced the sum of $200, as required, relying upon the truth of his representation.    The purchase was in fact made by defendant, at the price of $1,600, though what arrangement was made in respect to the deferred payment, at the time, the complaint does not show; but it is alleged that, without the knowledge or consent of the plaintiff, the defendant fraudulently procured the deed to be made to himself, and secured the delivery thereof, and caused the same to be recorded, and thereupon sold and conveyed one-half of the land for $1,675, out of which he paid the unpaid balance of the purchase price, leaving a balance of $275, which he fraudulently converted to his own use, and refuses to account for and pay over to the plaintiff; and that plaintiff had no notice of defendant's fraudulent conduct until after the record of the last-mentioned deed.    These facts as alleged, if true, are sufficient to constitute a cause of action.    The relation of trust and confidence was established between the parties, and the defendant held the legal title of the premises as trustee of the plaintiff.    *Reitz* v. *Reitz,* 80 N. Y. 538, 543; Pom. Eq. Jur. § 859; Gen. St. 1878, *c.* 43, §§ 6, 9.    The money was furnished before the delivery of the deed, as part-payment, upon the express understanding that the purchase was made for plaintiff, and that the deed should run to him.    And when the 80-acre tract was sold, the same trust fol-

lowed and fastened upon the proceeds; and the balance, admitted by the defendant to be in his hands, the plaintiff is presumptively entitled to recover. *Third Nat. Bank* v. *Stillwater Gas Co.*, 36 Minn. 75, (30 N. W. Rep. 440.)

2. As respects the second cause of action, the complaint is insufficient. It is sought to recover the sum of $300, alleged to have been paid by plaintiff to defendant under compulsion. Plaintiff alleges that the money was exacted from him by fraud, threats, and duress, but what the fraudulent representations or conduct in the premises or threats may have been, does not appear, save that the defendant threatened to eject and turn plaintiff out of possession of the remaining unsold 80 acres, parcel of the quarter-section in question, unless he would pay defendant $300 for a deed; and the plaintiff, fearing he would carry his threats into execution, and that the plaintiff would thereby suffer great injury and damage, and "relying upon the false representations made by defendant, as aforesaid, and believing them to be true," paid the $300, in order to secure a conveyance of said 80 acres, of which plaintiff was then in the actual possession, and upon which he is alleged to have made valuable and substantial improvements, to defendant's knowledge. It does not appear that he threatened personal violence, or to eject plaintiff by force. He may have meant simply that he would exercise the power which the deed gave him to get possession of the land under legal process. The plaintiff therefore could rely upon his possession, and appeal to the courts for his legal rights. Besides, it appears that the money was paid in reliance also upon false and fraudulent representations made by defendant which plaintiff believed, but which are not set forth in the pleading. How much he may have been influenced by such alleged fraud, and how much by threats, is left for conjecture. Without a more full statement of the facts we cannot determine that the money was paid under such compulsion as to amount to duress, or that it was obtained by fraud or undue influence.

In determining whether an alleged payment was in fact made under compulsion, facts and circumstances tending to show fraud or undue influence will be entitled to due weight. *Tapley* v. *Tapley*, 10 Minn. 360, (448, 459;) s. c. 88 Am. Dec. 76. But as respects the

charge of duress, in order to entitle a party to recover back money paid under a claim that it was a forced or compulsory payment, it must appear that it was paid upon a wrongful claim or unjust demand, under the pressure of actual or threatened personal restraint or harm, or of an actual or threatened seizure or interference with his property of serious import to him; and that he could escape from or prevent the injury only by making such payment. *Radich* v. *Hutchins*, 95 U. S. 210; *Brumagim* v. *Tillinghast*, 18 Cal. 265, (79 Am. Dec. 176;) 2 Dill. Mun. Corp. § 943; 45 Am. Dec. 156, note to *Mayor* v. *Lefferman; Tapley* v. *Tapley, supra; Fargusson* v. *Winslow*, 34 Minn. 384, (25 N. W. Rep. 942.)

3. There is no misjoinder of causes of action. We see no reason why a claim for money wrongfully withheld cannot be joined with one for money wrongfully or fraudulently exacted and paid.

Order reversed, and case remanded.