NATHANIEL R. THOMPSON, Administrator, *vs.* ARLETTA L. LAYMAN.

### July 18, 1889.

**Parol Evidence to Contradict Satisfaction of Mortgage.**—A certificate, under seal, of payment of a mortgage and note accompanying it, and authorizing the register of deeds to discharge the mortgage on the record, may, in an action on the note, be contradicted by parol.

Appeal by defendant from an order of the district court for Hennepin county, *Rea*, J., presiding, refusing a new trial after verdict of $454.60 for plaintiff. The note sued on was the same described in the certificate recited in the opinion, and was made by defendant. The certificate, was attested by two witnesses and acknowledged.

*Hart & Brewer*, for appellant.

*Laing & Wyman*, for respondent.

GILFILLAN, C. J. The action being upon a promissory note executed by defendant, payable to Martin Layman, of whose estate plaintiff is administrator, the defendant, under an answer alleging payment of the note, introduced in evidence this instrument:

"STATE OF MINNESOTA ⎫
County of Hennepin ⎬ *ss*.

"I, Martin Layman, do hereby certify that a certain indenture of mortgage bearing date the 23d day of December, one thousand eight hundred and seventy-nine, made and executed by Arletta L. Hamilton, and recorded in the office of register of deeds of the county of Hennepin and state of Minnesota, in Book 29 of Mortgages, page 491, on the 13th day of April, in the year one thousand eight hundred and eighty, at 10 o'clock — minutes A. M., is, with the promissory note accompanying it, paid and satisfied. And the register of deeds of said county is hereby authorized and directed to discharge the same upon the record thereof, according to statute in such case provided. In testimony whereof Martin Layman hath hereunto set his hand and seal this 12th day of August, A. D. 1885.

                                   "MARTIN LAYMAN.  [Seal.]
   "Executed in the presence of," etc.

And thereupon plaintiff was permitted, against the objection of the defendant that the evidence was incompetent and immaterial, to prove by parol that the note and mortgage were not in fact paid. The competency of parol evidence to contradict the writing is the only question in the case. That a mere receipt—that is, a written admission of the fact of payment and receipt of money—may be contradicted by parol is not questioned. It is urged, however, that a release cannot be contradicted by parol, and that is true of a technical release. This is not a release in that sense. Such a release is in the nature of a contract—abandoning or relinquishing a claim. It operates to discharge a contract, not by performance of it according to its terms,—for such performance leaves nothing to release,—but by voluntary surrender of the right to require performance. This instrument has no element of contract in it. It only acknowledges that the terms of the note and mortgage have been performed by payment of the money. It admits a fact, such as an ordinary receipt does,—nothing more. The payment, if made, discharged the note and mortgage, without the writing. The writing is only evidence (for proof or record) of the fact operating the discharge. That it is

under seal does not affect it in any way, as it might if it were a contract. So far as the rules of evidence are concerned, it is like any other written receipt. This action is the same as though between the original parties to the several instruments, so no element of estoppel enters into the consideration of it.

Order affirmed.