(Opinion published 52 N. W. Rep. 900.)

---

ALONZO T. RAND *et al. vs.* BOARD OF COUNTY COMMISSIONERS OF HENNEPIN COUNTY.

Argued by appellants, and submitted on briefs by respondent, June 28, 1892.
Decided July 7, 1892.

**Duress, how Pleaded.**

In an action to recover back money paid under duress, it is not sufficient to allege generally that the payment was compulsory. The facts constituting or creating the duress must be pleaded.

**Duress not Shown.**

*Held,* that the complaint did not state, and the evidence did not tend to prove, a cause of action for money paid under compulsion.

Appeal by plaintiffs, Alonzo T. Rand, Rufus R. Rand, Kate Ogle and Leavitt S. Rand, from a judgment of the District Court of Hennepin County, *Canty,* J., entered March 12, 1892.

Action against the defendant, the Board of County Commissioners of Hennepin County, to recover $1,000 paid December 3, 1885, by the administrators of the estate of Alonzo C. Rand, deceased, into

the county treasury of that county under Laws 1885, ch. 103, since held unconstitutional. The claim made is that the money was paid under duress   The plaintiffs are the next of kin of Alonzo C. Rand, who died intestate in said county, July 12, 1885. His estate has since been distributed by the Probate Court, and this claim assigned to the plaintiffs, and the administrators have been discharged. The Act required administrators of estates exceeding in value $150,-000 to pay into the county treasury $1,000 for the purpose of reimbursing the county for the salaries of the judges.

*Jackson & Atwater*, for appellants, cited *Mayor, etc.*, v. *Riker*, 38 N. J. Law, 225; *Valpy* v. *Manley*, 1 C. B. 594; *Parker* v. *Great Western Ry. Co.*, 7 Man. & G. 253; *Morgan* v. *Palmer*, 2 Barn. & Cress. 729; *Erskine* v. *Van Arsdale*, 15 Wall. 75; *Baker* v. *City of Cincinnati*, 11 Ohio St. 534; *Lincoln* v. *City of Worcester*, 8 Cush. 55; *Mearkle* v. *Hennepin County*, 44 Minn. 546.

*L. R. Thian*, for respondent.

MITCHELL, J.   Like the cases of *Mearkle* v. *Hennepin Co.*, 44 Minn. 546, (47 N. W. Rep. 165,) and *De Graff* v. *Ramsey Co.*, 46 Minn. 319, (48 N. W. Rep. 1135,) this action was brought to recover back moneys paid into the county treasury (under duress or compulsion, as is claimed) pursuant to the provisions of Laws 1885, ch. 103, since declared unconstitutional in *State* v. *Gorman*, 40 Minn. 232, (41 N. W. Rep. 948.)

The first error assigned is the exclusion of certain evidence as to the character and condition of the estates then under process of administration, and in behalf of which the moneys in question were paid. This evidence was properly excluded, for the reason, if no other, that the complaint failed to state any cause of action. In an action to recover back money paid under duress or compulsion, the facts showing the duress or compulsion must be pleaded, so that the court may see from the facts stated that the payment was in fact compulsory, and so that the party against whom the duress is charged may know what he has to meet and have an opportunity of shaping

his defense accordingly. It is not enough to allege generally that the payment was compulsory, and not voluntary. This is a general rule of pleading, applicable to all actions to recover back money paid, whether under duress, by mistake, or through fraud. For example, where the transaction is impeached on the ground of fraud, a mere general charge of fraud is not sufficient. The facts constituting the fraud must be set forth. So, in an action to recover money paid under mistake, a general allegation that it was paid under a mistake is not enough. The facts constituting the mistake must be alleged. *Commercial Bank* v. *City of Rochester*, 41 Barb. 341; *Taylor* v. *Blake*, 11 Minn. 255, 270, (Gil. 170.) See, also, *Mearkle* v. *Hennepin Co.*, *supra*; *Kraemer* v. *Deustermann*, 37 Minn. 469, (35 N. W. Rep. 276;) *Brumagim* v. *Tillinghast*, 18 Cal. 265; *Radich* v. *Hutchins*, 95 U. S. 210.

The only allegations of the complaint in this case having any bearing whatever upon the question of coercion are that the administrators of these estates "were ordered and required by the judge of probate, as a condition of further proceeding with the administration of said estates," to pay these moneys into the county treasury; that they objected to the payment on the ground that the statute was unconstitutional and invalid, and requested and urged the court to proceed with the administration of the estates, but that it refused to do so until the moneys were paid; that thereupon the administrators were "compelled" to pay, but did so under protest. The mere allegation that they were compelled to pay, without the statement of any facts creating the compulsion, is, of course, a mere conclusion of law, and amounts to nothing. The probate court could not make any order requiring the payment of the money, and, if it did, it could not enforce it; so that all the allegation that the court "ordered and required" its payment amounted to was that it gave notice that it would not proceed with the administration of the estates until the money was paid. There is no pretense that the money was paid under mistake or ignorance of either fact or law. It does not appear at what stage of the administration of the estates the request was made to the court to proceed, or what action on part of the court was then desired by the administrators. Neither is

there an allegation of a single fact tending to show that the circumstances and condition of the estates were such that any injury whatever would have accrued to them while the administrators might seek their legal remedy to compel action on part of the court. If the payment was voluntary, and without coercion, the mere fact that it was made under protest would not change its character. *Shane* v. *City of St. Paul,* 26 Minn. 546, (6 N. W. Rep. 349.)

We probably went to the extreme limit in holding the complaint in the *Mearkle Case* good, but a comparison will show that the complaint here falls much short of that one. Aside from the allegation that payment was made under protest, (which of itself could not alter its character,) the complaint does not make any stronger case than was proved in the *De Graff Case, supra.*

And we may add that, if the excluded evidence had been admitted, we do not think it would have materially added to the case made by the complaint. The evidence admitted certainly did not. There was therefore no error on part of the court, either in excluding evidence or in finding that the payments were voluntary. In fact, the defendant might have demurred to the complaint, and the court might have dismissed the action when the plaintiffs rested.

We are not inclined, as our decisions will show, to take any narrow or technical view of the facts in cases of this kind, or to strain a point to prevent the recovery of money to which the party to whom it was paid had at the time no legal right; but we could not hold that this complaint alleged, or that the evidence admitted or offered proved, a payment under coercion without entirely disregarding every rule of law on the subject.

Judgment affirmed.