MINNEAPOLIS STOCK-YARDS & PACKING CO. *vs.* WILLIAM CUNNINGHAM *et al.*

WILLIAM CUNNINGHAM *et al. vs.* MINNEAPOLIS STOCK-YARDS & PACK-ING CO.

Argued Dec. 3, 1894. Affirmed Dec. 7, 1894.

Nos. 9040, 9055.

**Amendment of Answer on the trial.**

A proposed amendment to the answer, which was not asked for until the close of the evidence, and which entirely changed the ground of defendant's counterclaim, *held* to have been properly disallowed.

**Payment under duress.**

*Held,* that neither the facts proved in the first action nor those alleged in the second constituted a payment under duress or compulsion.

Appeal by defendants, William Cunningham and Charles L. Haas, from an order of the District Court of Ramsey County, *William*

*Louis Kelly,* J., made May 18, 1894, denying their motion for a new trial. The action was brought by the Minneapolis Stock Yards and Packing Company, a corporation, to recover $535.15 due it upon an account for hay, pasturage, yardage, money advanced, rent and other items. Defendants admitted the account but pleaded a counterclaim of $1,410 rents which they had paid plaintiff for their office rooms at New Brighton which rent they alleged plaintiff agreed to repay on demand. The proofs tended to show that plaintiff promised to charge no rent if defendants would remove their business from Minnesota Transfer to New Brighton. The defendants then asked to amend their answer to conform to the proofs but were refused. They excepted. Under the direction of the Judge the jury returned a verdict for plaintiff for the amount of its account. Defendants moved for a new trial. Being denied they appeal.

William Cunningham and Charles L. Haas then brought an action against the Minneapolis Stock Yards and Packing Company to recover the $1,410 they had paid it for rent, claiming it was paid under duress. To this complaint the company demurred and the demurrer was sustained. From this order they also appeal. The appeals were argued together in this court.

*C. D. & Thos. D. O'Brien,* for appellants.

The evidence did not support the precise contract pleaded as a counterclaim. It did not show an agreement to pay a fixed amount of rent per month with an additional agreement to return it after it had been paid, and to that extent there was a variance between the allegation and the proof. At the close of the testimony, defendants requested permission to amend the answer so as to conform to the facts which had been proven. The motion for leave to amend was denied. This was error.

Where the situation of the parties is such that the person of whom the demand is made must accede to it or suffer inconvenience, damage and injury for which he has no adequate relief or no sufficient remedy in law if he pay, the payment is not voluntary. *Fargusson* v. *Winslow,* 34 Minn. 384; *State ex rel.* v. *Nelson,* 41 Minn. 25; *Mearkle* v. *County of Hennepin,* 44 Minn. 546; *De Graff* v.

*County of Ramsey,* 46 Minn. 319; *Joannin* v. *Ogilvie,* 49 Minn. 564; *Panton* v. *Duluth Gas & Water Co.,* 50 Minn. 175.

*Wilson & Van Derlip,* for respondent.

This motion to amend the counterclaim was addressed to the discretion of the court. The trial court must necessarily exercise its discretion in view of the circumstances of each particular case and no fixed rule can be laid down by which the propriety of allowing such amendments shall be determined. So long as the court in such matters acts within the limits of its discretion, its action will not be reviewed. *City of Winona* v. *Minnesota Ry. Con. Co.,* 29 Minn. 68.

There was no duress. Cunningham and Haas paid their rent without protest from December 1, 1889, to October 1, 1893, and cannot recover it. Their complaint in the second case states no cause of action.

MITCHELL, J. In the first of these actions the defendants by way of counterclaim alleged that in consideration of their removing their place of business to plaintiff's stock yards the latter agreed to furnish them office room at a specified monthly rent, and when they ceased to occupy the office to refund to them all the rent thus paid. The defendants produced no evidence of any such contract as alleged, but there was some evidence tending to prove that plaintiff agreed to furnish defendants office room rent free, but that, after defendants moved their business, the plaintiff charged them rent, which they paid under circumstances which they claim amounted to duress. It does not appear from the record, however, that plaintiff consented to try any such issue, for all the testimony bearing on it came out incidentally in the introduction of evidence material upon the issues made by the pleadings.

When the evidence closed, defendants asked leave to amend their answer so as to conform to the proof, which the court refused to grant. The proposed amendment so entirely changed the basis of the counterclaim that the court was certainly not guilty of any abuse of discretion in refusing to allow it to be made. The amendment was also properly disallowed, for the reason that the

evidence was entirely insufficient to establish a payment under duress. It did not even make out as strong a case as did the allegations of the complaint in the second action, to which we shall now refer.

2. After being defeated in the first suit, Cunningham & Haas brought the second suit to recover the money which they sought to recover by way of counterclaim in the first. The complaint alleges that, in consideration of plaintiffs' removing their business to defendant's stock yard, the latter agreed to furnish them office room free of rent as long as they continued their business at that place, but that, after they had so removed their business, and "after their business had been so arranged that they could not without great loss and damage remove from said yards," the defendant, contrary to its agreement, "commenced to charge" plaintiffs rent for the office occupied by them; "that they were powerless in the premises, and could not resist said charges, for the reason that defendant owned all the property and buildings at the yards, and plaintiffs could not obtain any other office therein"; that by reason of the premises the plaintiffs were compelled to pay the rent demanded by defendant.

While it is true, as counsel suggests, that the doctrine of "duress" has been somewhat extended by the modern authorities, yet under no rule, even the most liberal, would the facts stated render a payment involuntary. It is not even alleged that the rent was paid under protest, or that plaintiffs were threatened with suit for its collection in case they refused payment; and, even if they had, it would not have amounted to duress, for they had a perfect defense to such an action.

It is suggested on the argument that if plaintiffs had not paid the rent defendant might or would have terminated their tenancy. There is no allegation that any such thing was threatened. But, even if it had been, it would have been nothing more than defendant would have had a legal right to do, for it is conceded that the tenancy was merely one at will, hence terminable at the will of either party by giving the notice required by statute. It is not enough to allege that a payment was made under duress; the facts constituting the duress or compulsion must be pleaded. *Rand* v. *Board of County Commissioners*, 50 Minn. 391, (52 N. W.

901.) Upon the subject of payment under duress or compulsion, see *Joannin* v. *Ogilvie*, 49 Minn. 564, (52 N. W. 217.)

In each case the order appealed from is affirmed.

GILFILLAN, C. J., absent on account of sickness, took no part.

(Opinion published 61 N. W. 329.)