## O. W. BALDWIN v. JOHN F. EDDY and Others.[1]

May 14, 1896.

Nos. 10,000—(281).

**Partnership—What Constitutes.**

> A partnership is the contract relation subsisting between persons who have combined their property, labor, or skill in an enterprise or business, as principals, for the purpose of a joint profit.

**Same—Finding Sustained.**

> On an examination of the record it is *held* that the finding of fact that a partnership existed between plaintiff and defendant in a certain enterprise was supported by the evidence.

Appeal by defendant Cheesebrough from a judgment of the district court for St. Louis county in favor of plaintiff, entered in pursuance of the findings of Henry F. Greene, Esq., referee. Affirmed.

*M. H. Stanford*, for appellant.

*A. A. Harris* and *Henry E. Harris*, for respondent.

COLLINS, J. This action was instituted to compel an accounting between plaintiff and appellant in relation to certain alleged partnership dealings between them relating to procuring, handling, and disposing of an option contract on mineral lands, and the only question raised on appeal is the sufficiency of the evidence to support a finding that a partnership existed in the transaction,—a referee having found that such a partnership did exist.

The option was taken in appellant's name, and the evidence relied on to sustain the finding consisted of plaintiff's version of the partnership agreement, which was wholly verbal; his statement as to what was done under it, and also as to a conversation between appellant and himself when he requested a formal assignment of his interest or share. There was also the testimony of two persons as to what was said by plaintiff to them concerning his interest in the option in appellant's presence, and in which he apparently acquiesced, at a time when they were negotiating for a purchase of the option from the latter.

[1] Reported in 67 N. W. 349.

From plaintiff's testimony it appeared that before the option was purchased there was a verbal agreement that it should be bought in appellant's name and that plaintiff's interest should be one-eighth, while appellant should have seven-eighths. No money was needed in order to secure the option, but a few hundred dollars might be necessary in order to conduct explorations and tests. Appellant then owed plaintiff between three and four hundred dollars, and it was agreed that the former should furnish such sums of money as might be needed in making these explorations and tests, and charge to the latter on account. Appellant was to give the most of his time to examination and investigation of the property, while plaintiff was to attempt a sale. So that, in consideration of appellant's agreement to take charge of the preliminary work upon the ground, and to bear seven-eighths of the expense, the plaintiff engaged to give his time in attempting to find a purchaser for the property, and to pay one-eighth of the expense, each to share, if a sale was made, and there came a profit, in accordance with their respective interests. If the option was not disposed of, each lost whatever had been put into the enterprise in money and labor.

A partnership is the contract relation subsisting between persons who have combined their property, labor, or skill in an enterprise or business, as principals, for the purpose of a joint profit. There was no lack or want of mutuality of engagement in this agreement if it was made as claimed by plaintiff. The promises were mutual, each party having the immediate right to hold the other to a positive agreement; and if debts had been contracted to third persons, a partnership liability would have been incurred. And from the evidence it appeared that appellant had at different times recognized the existence of the alleged partnership. Nor did he repudiate it until after a sale had been made to a purchaser of his own finding. Disregarding plaintiff's testimony that appellant, when requested to make formal assignment to him, declined simply because it would be inconvenient to have the title to the option contract in two persons, there was the testimony of two disinterested witnesses that on different occasions when they were trying to secure the option from appellant, plaintiff being present and taking part in the negotiations, the latter stated that he held an eighth interest, and appellant apparently acquiesced in the statement.

In challenging the sufficiency of the evidence to support the finding appellant's counsel relies considerably on the undisputed fact that during the time plaintiff insists that the partnership existed he brought two actions to recover the money due from appellant, out of which the latter was to pay plaintiff's share of the expenditures. The fact that these suits were brought, the first having been dismissed, affected the credibility of plaintiff and his version of the partnership agreement. But evidently the explanation offered by him as to the reasons for bringing these actions satisfied the referee. We think the finding in question supported by the evidence.

Judgment affirmed.