## H. L. SNELL v. H. F. GOODLANDER.[1]

November 27, 1903.

Nos. 13,603—(95).

**Principal and Agent.**

The principle that an agent who is authorized to sell property upon specified terms is under legal obligation, upon learning that more advantageous terms could be obtained, the facts concerning which are unknown to the principal, to communicate the same to him before making the sale on the terms prescribed, applied.

**Same.**

All profits and benefits accruing from the acts of an agent, whether resulting from the proper performance of his duties or a violation thereof, belong to the principal, and not to the agent.

Appeal by plaintiff from an order of the district court for Lac qui Parle county, Qvale, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*T. J. McElligott* and *J. N. Johnson,* for appellant.

*H. L. Hayden,* for respondent.

BROWN, J.[2]

Action to recover the value of certain crops alleged to be the property of plaintiff, and to have been wrongfully converted by defendant. Defendant had a verdict in the court below, and plaintiff appealed from an order denying a new trial.

The facts are as follows: Defendant was the owner of a farm in Lac qui Parle county, which he listed with plaintiff, a real estate agent, for sale upon specified terms. and conditions. The relation of principal and agent existed between the parties; defendant being the principal, and plaintiff the agent. Plaintiff endeavored to secure a purchaser of the farm, and was successful; securing one who agreed to pay the sum of $34 per acre for the land. He reported to defendant that he had secured a purchaser who would pay the sum of $33 per acre, provided he received, in addition to the land, one-third of the crops then grow-

[1] Reported in 97 N. W. 421.
[2] START, C. J., absent, sick, took no part.

ing thereon. He also stated to defendant that by making those terms he was to receive no commission from the purchaser, whereupon defendant agreed to pay him a commission of $75. He then prepared a contract, which was signed by defendant, containing the terms and conditions of sale as represented by plaintiff to him, plaintiff being grantee therein; but his name was inserted in the contract as grantee, as a matter of convenience, and to enable him more readily to close the contract with the purchaser. Defendant was led to believe and understand that the land was to be sold to a third person, one Dilland; that he was to receive therefor $33 per acre, and transfer to him one-third of the crops then growing upon the land, when, as a matter of fact, the contract, as made by the agent, was for $34 per acre, and the crops were not to be included in the sale. Plaintiff now claims to own the crops by virtue of the contract between himself and defendant, which was made, as just stated, to enable plaintiff to complete the sale with the purchaser, and not for the purpose of passing the property to plaintiff. The issues in the case were all fully and fairly submitted to the jury, and a verdict was returned for defendant. The question presented in this court by the assignments of error is whether, on the evidence, plaintiff is entitled to a judgment for the value of the crops, notwithstanding the verdict.

It was the duty of plaintiff, as the agent of defendant, in making the sale of the farm, to keep defendant fully informed of all material facts in reference to the transaction; and, though defendant may have authorized the sale upon certain specified terms, if plaintiff knew that more advantageous terms could be obtained, the facts concerning which were unknown to defendant, he was in duty bound, and under every legal and moral obligation, to communicate the facts in reference thereto to him, and his failure to do so was a fraud in law. Holmes v. Cathcart, 88 Minn. 213, 92 N. W. 956; 1 Am. & Eng. Enc. (2d Ed.) 1081.

It was practically conceded on the argument by counsel for plaintiff that his client in fact attempted a fraud upon defendant, but it is urged that, because at the time the contract was made and entered into between defendant and plaintiff for the sale of the land to a third party, plaintiff paid $20 to defendant thereon, which has never been repaid or tendered back, title to the crops passed to him, for the reason that

that contract has not been rescinded. But there is no force in this contention, because no contract was ever made and entered into between plaintiff and defendant by which the crops were sold to plaintiff. Defendant understood that the crops were being sold to the purchaser of the land, and not to plaintiff; but they were expressly excluded from that sale, and no title thereto passed to the purchaser. The $20 was paid upon that contract, and not upon any agreement or arrangement by which the plaintiff was to have the crops or any interest in them. There was therefore no contract between these parties respecting the crops to rescind. Further, the arrangement between plaintiff and the purchaser by which the crops were excluded from the sale was a profit made by plaintiff as agent in that transaction, and resulted, not to his benefit, but to the benefit of defendant, his principal. It is elementary and a rule of universal application that all profits and benefits accruing from the acts of an agent, whether resulting from the performance of his duties or a violation thereof, belong to the principal, and not to the agent. Mechem, Ag. § 469; Kraemer v. Deustermann, 37 Minn. 469, 35 N. W. 276; Smitz v. Leopold, 51 Minn. 455, 53 N. W. 719.

It follows, therefore, that plaintiff is not the owner of the crops in question, and the verdict of the jury for defendant was the only one that could have been returned consistently with the law and the undisputed facts.

The claim on the part of plaintiff that the crops were excluded from the sale by some arrangement between him and the purchaser, by which certain amounts were to be applied as interest on the purchase price of the farm, cannot be considered, for all that evidence was, on motion of defendant, stricken out by the court. The motion was

> "To strike out all of the evidence in regard to the interest being credited there, on the ground that it is not the best evidence."

The motion being granted, all such evidence was eliminated from the case. And besides plaintiff's contract with defendant did not authorize him to make any such an arrangement with the purchaser of the land. But the evidence was stricken out, and the order of the court in that respect is not assigned as error.

Order affirmed.