### CHAMBER OF COMMERCE OF MINNEAPOLIS v. JOHN E. WELLS and Others.[1]

December 22, 1905.

Nos. 14,577—(169).

**Pleading.**

The rule that a pleading is entitled to a liberal construction when assailed on demurrer applied to certain facts set forth in the complaint, and a demurrer thereto *held* properly overruled.

Appeal by defendants from an order of the district court for Hennepin county, Brooks, J., overruling a general demurrer to the complaint. Affirmed.

*F. D. Larrabee*, for appellants.
*Wilson & Mercer*, for respondent.

BROWN, J.

Appeal from an order overruling a general demurrer to plaintiff's complaint.

The only question involved in this court is the construction of paragraph 8 of the complaint. The action was brought to restrain and enjoin defendants from wrongfully and unlawfully appropriating and disseminating information obtained by plaintiff in reference to the

[1] Reported in 105 N. W. 1124.

market price of wheat and other farm products.   After setting out the incorporation of plaintiff, the general manner in which it conducts its business, the value to its members of quotations upon the price of wheat collected by it, and numerous other facts necessary to sustain plaintiff's alleged cause of action, the complaint alleged in the paragraph under consideration that, with full knowledge of the facts alleged respecting the rights of plaintiff and its members, the defendants

> And each of them have unlawfully conspired and confederated together to and during many months last past, and have been, now are, and unless restrained therefrom by this court will continue indefinitely and without right to wrongfully, fraudulently, maliciously and surreptitiously get, post on their said blackboard, use, and disseminate plaintiff's said quotations, and all thereof, on wheat and other grain products from day to day, hour to hour, and minute to minute, as they are produced through their main office at No. 200 Third Street South, Minneapolis.

It is contended that these allegations do not charge defendants with appropriating or making use of quotations obtained by plaintiff, and that, fairly construed, the charge is that defendants wrongfully disseminated certain quotations as they are "produced through their main office."   We do not concur in this contention.

The complaint is entitled to a reasonable construction.   The rule is that as against demurrer a complaint will be sustained if by any fair and reasonable construction a cause of action may be spelled out of its allegations, however inartificially they may be stated.   Warren Bros. v. King, supra, page 190.   Fairly construed, the complaint alleges that defendants wrongfully make use of and disseminate market quotations as they are produced from time to time by plaintiff, and defendants so use and disseminate the information thus wrongfully obtained by posting the same in their own office.   It is also urged that the charge that the defendants wrongfully use and disseminate such quotations is a mere conclusion of law, and insufficient; that the facts showing the wrongfulness of the acts of the defendants should have been fully pleaded.   This objection is not fatal on demurrer.   If the complaint is insufficient in this respect, the remedy was by motion to make more definite and certain.   We refrain from entering upon a discussion of the merits

of plaintiff's cause of action, for the reason that the complaint is only challenged by defendants in the respects stated, and the further reason that the merits can best be considered in connection with all the facts as disclosed by the evidence.

Order affirmed.