# Guenther, Appellant, *v.* Kutz.

*Equity—Fraud—Partnership—Agreement of dissolution — Evidence—Findings of chancellor.*

1. On a bill in equity to set aside an agreement of dissolution by partners, where the only ground for relief averred is fraud, a finding by the chancellor, based upon sufficient evidence, that there was no fraud, will not be reversed on appeal.

*Partnership—Dissolution—Partnership agreement—Contract—Equity—Fraud—Improvidence.*

2. Partners may agree upon terms of dissolution different from those provided in the original partnership contract.

3. Where two partners in reaching an agreement of dissolution, stand upon equal terms, the law will not convict one of fraud merely because he made a good bargain.

4. The mere fact that a contract is improvident is no ground for setting it aside.

Argued February 28, 1921. Appeal, No. 223, Jan. T., 1921, by plaintiff, from decree of C. P. Berks Co., No. 1242, Equity Docket, 1919, dismissing bill in equity, in case of Harold D. Guenther v. Wilmer L. Kutz. Before MOSCHZISKER, C. J., FRAZER, WALLING, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity for cancellation of agreement of dissolution of partnership. Before ENDLICH, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the bill. Plaintiff appealed.

*Error assigned* was, inter alia, above decree, quoting it.

*Cyrus G. Derr,* for appellant.

*John B. Stevens,* with him *John A. Keppelman,* for appellee.

PER CURIAM, March 21, 1921:

In August, 1917, the parties hereto became partners in a drug business and so continued until April, 1919, when they made a preliminary agreement for the transfer of plaintiff's interest therein to defendant. An inventory was then taken which indicated a loss of some $700 since the first of the preceding January; thereupon, defendant consulted an attorney, who examined the firm books, and called plaintiff to his office for an explanation of certain entries therein. The attorney went over the firm matters with plaintiff, in the presence of defendant and other parties, and they agreed upon the terms of settlement. Thereupon, the attorney prepared a contract of dissolution, which was duly executed and the firm property transferred to defendant, who paid plaintiff the agreed consideration. Thereafter, plaintiff filed this bill for a rescission of the contract on the ground of fraud. The case was heard upon bill, answer, replication and testimony. The court below found, inter alia, that there was no fraud and dismissed the bill; hence, this appeal by plaintiff.

Relief in equity can be granted only upon the ground averred in the bill; here it is confined to an allegation of fraud, which, however is not supported by the evidence and is expressly negatived by the findings. Undoubtedly appellant made a bad bargain, but "the mere fact that a contract is improvident, is no ground for setting it aside": Nace v. Boyer et al., 30 Pa. 99, 110. He was familiar with the facts, was under no improper influence, and the burden of proving the invalidity of the contract by reason of the alleged fraud rested upon him. Where parties stand upon equal terms, the law will not convict one of fraud merely because he made a good bargain. Partners may, as they did here, agree upon terms of dissolution different from those provided in the original partnership contract.

The decree is affirmed and appeal dismissed at the costs of appellant.