## CHRISTINE BLADINE v. HENRY BLADINE.[1]

February 29, 1924.

No. 23,747.

**Assignment of error should specify finding not supported by evidence.**
1. An assignment of error that the granting of a divorce is not supported by the evidence is too general to reach any of the several findings of fact made by the trial court.

**Award of permanent alimony sustained.**
2. The findings as to the value of defendant's property justify the award of permanent alimony, since it does not exceed the limit set by section 7128, G. S. 1913.

**Award to wife.**
3. In awarding alimony to a wife, while it is proper to consider the property she owns, regard may also be had as to whose efforts and labors accumulated the property held by either party.

Action for divorce and alimony in the district court for Hennepin county. The case was tried before Molyneaux, J., who made findings and ordered judgment in favor of plaintiff granting her absolute divorce and certain property. Defendant's motion for a new trial was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Barney Kaplan,* for appellant.
*Bessesen & Bessesen,* for respondent.

HOLT, J.
Defendant appeals from a judgment granting plaintiff a divorce on the ground of cruelty and awarding her permanent alimony.

After the judgment was entered, defendant moved to vacate or modify the same, or for a new trial because of (a) errors occurring at the trial, and (b) because the judgment is contrary to the law

[1]Reported in 197 N. W. 261.

under section 7128, G. S. 1913, and to the evidence. No erroneous rulings at the trial were specified. The errors assigned in this court are: "First, that the granting of a divorce is not supported by the evidence; Second, that should the granting of the divorce be sustained the division of the property of the parties hereto is not justified, and is contrary to law and equity."

Upon such a record no ruling made at the trial is for review here. And, since the findings of fact are many, it is also clear that the assignments of error are too general to justify this court in examining the record to determine whether or not any finding is without adequate support. The practice should be well understood by this time, that where it is intended to assail any finding of fact on the ground that the evidence does not sustain it, such finding should be specifically pointed out. Nye v. Kahlow, 98 Minn. 81, 107 N. W. 733; Prosser v. Manley, 122 Minn. 448, 142 N. W. 876; 1 Dunnell, Minn. Dig. §§ 358 and 361. As to the property, the findings are that defendant owns one lot worth $1,000 and another lot upon which is a duplex worth $5,600, and $2,500 in cash and securities. He also has $350 worth of furniture accumulated by the joint efforts of the parties. Plaintiff owns three lots and a house worth $1,800. Plaintiff was awarded an undivided one-half of the lot upon which is the duplex and the furniture. That gives her less than one-third of defendant's possessions, and is within the limit authorized by section 7128, G. S. 1913. The court is not compelled by this section to reduce the permanent alimony of one-third of the husband's possessions by what property the wife may have been able to accumulate in her own right. Properly the court should consider the means of the wife in awarding alimony, but it is also right to have regard to the source of the accumulations of both. In this particular case, although the first payment of $800 upon a farm came from the husband's inheritance, the evidence discloses that the real hard worker on the farm was the wife and not the husband, and the court was justified in concluding that what property both now had came through her exceedingly arduous labors. She is now worn out and crippled by rheumatism.

The judgment is affirmed.