BANK OF DAKOTA COUNTY v. JOHN M. GARVIN AND ANOTHER.[1]

April 16, 1926.

No. 25,107.

**Assignment of error insufficient.**

1. An assignment of error that the findings of fact are not sustained by the evidence fails to point out the particular finding challenged and is insufficient.

**Party bound by conclusions made exactly as he requested.**

2. Where conclusions of law are made exactly as requested by a party, he is not in position to attack them.

**Conclusions of court correct.**

3. The conclusions of the trial court were correct upon both the facts and the law.

Appeal and Error, 3 C. J. p. 671 n. 69; p. 1381 n. 14; p. 1382 n. 17; 4 C. J. p. 700 n. 39.

Action in the district court for Lyon county to set aside a conveyance of certain real estate. The case was tried before Gislason, J., who ordered judgment in favor of plaintiff. Defendants appealed from the judgment. Affirmed.

*James H. Hall,* for appellants.

*A. R. English,* for respondent.

[1]Reported in 208 N. W. 642.

TAYLOR, C.

Judgment was entered against defendant John M. Garvin for the sum of $11,217.47, and setting aside the conveyance of a quarter section of land in Lyon county from defendant John M. Garvin through a third party to his wife, defendant Rosa Garvin, on the ground that it was fraudulent and void as to plaintiff, and decreeing the judgment to be a lien on such land subject only to a first mortgage thereon. Defendants appealed.

The assignments of error are:

"First: The findings of fact and the judgment entered thereon are not sustained by the evidence.

"Second: That the conclusions of law and judgment entered thereon are not sustained by the findings of fact."

1. There are many findings of fact. They cover 8 printed pages and are divided into 13 separately numbered paragraphs. Where the error assigned is that findings are not sustained by the evidence, the assignment must specify the particular finding challenged. It has been held many times that a specification of error in the form of defendant's first assignment is insufficient as it fails to point out what finding is claimed to be without support in the evidence. Bladine v. Bladine, 158 Minn. 296, 197 N. W. 261; Dun. Dig. and Supps. § 361, and cases there cited.

Defendants made a motion in which they asked for a new trial, and further asked that if a new trial were denied the conclusions of law be amended to read as follows:

"It is considered by the court that judgment be rendered and entered herein as follows:

"First: That the plaintiff have and recover judgment against the defendant, John M. Garvin, in the sum of nine thousand seven hundred twelve and sixty-hundredths ($9,712.60) dollars, with interest thereon at the rate of nine per cent per annum from and after April 18, 1923.

"Second: That the purported transfers and deeds made by the defendants, John M. Garvin and wife, to Fred J. Anderson and by

Fred J. Anderson, a single man, to the defendant, Rosa Garvin, attempting to convey the following described real property (describing it) be and the same and each of them hereby are declared fraudulent and void as to the plaintiff herein, and that said deeds and each of them, so far as the rights of this plaintiff [are] concerned, be and they are hereby, together with the record thereof, canceled.

"Third: That the judgment hereby recovered and entered against the defendants, John Garvin and Rosa Garvin, be and it hereby is made a lien upon the above described premises, subject only to the first mortgage on said premises.

"That the plaintiff have and recover its taxable costs and disbursements herein."

"Let judgment be so entered."

The court denied a new trial, but amended the conclusions of law to read as proposed and asked for in defendants' motion. As these conclusions were put in their present form on defendants' motion and conform therewith in all respects, defendants are not in position to attack them. 3 C. J. 671. The judgment was entered pursuant to and in accordance with the conclusions of law as so amended.

Although no reviewable questions are presented, we have examined the record and are satisfied that the conclusions reached by the learned trial court upon both the facts and the law are correct, and the judgment rendered is affirmed.