LARS G. JOHNSON v. MARTIN A. MADSON AND OTHERS.[1]

June 17, 1927.

No. 25,985.

**When assignment of error as to findings of fact is insufficient.**
　　1. Where there are several findings of fact, an assignment of error that the findings are not sustained by the evidence presents no question for review for it fails to point out the finding challenged.

**Findings sustained by evidence.**
　　2. Although the assignments of error were insufficient, the record has been examined and found to sustain the findings.

Appeal and Error, 3 C. J. p. 1381 n. 14; p. 1382 n. 17.
Liens, 37 C. J. p. 313 n. 38 New.
Release, 34 Cyc. p. 1104 n. 21.

Plaintiff appealed from an order of the district court for Hennepin county, Baldwin, J., denying his motion for a new trial. Affirmed.
*John A. Nordin,* for appellant.
*Harry S. Swensen,* for respondents.

TAYLOR, C.
The defendants Madson are husband and wife, and Mrs. Madson is a daughter of the plaintiff. The other parties named as defendants are not parties to this appeal nor concerned in the matters in controversy; and the term defendant as used herein will designate defendant Martin A. Madson.

In April, 1921, defendant purchased a house and lot in the city of Minneapolis subject to a mortgage of $2,500, and he and his wife thereafter occupied it as their home. Plaintiff furnished him $1,500 toward making the purchase. A week or two later plaintiff and defendant executed a contract designated as exhibit "A". This contract recites the making of the loan to aid in the purchase of the

[1]Reported in 214 N. W. 477.

property and that it is the desire of the parties that plaintiff "have a lien upon said premises in said amount as between themselves." It then states that it is agreed that plaintiff shall have a lien upon the premises to the extent of $1,500, "but, that this agreement or any other evidence of said lien shall not be filed for record." After stating that defendant may have the money for three years and is to pay interest annually, it further states that defendant "may encumber, sell and transfer said property without the consent of the party of the second part [plaintiff], and free and clear of any lien by reason of this agreement;" but provides that in case of a sale defendant is to repay the loan in full at that time. The contract was signed by both parties but was not acknowledged, as it was not to be recorded.

In December, 1922, while plaintiff was with a son in Wisconsin, he acknowledged the contract before a notary public of that state and sent it to the register of deeds of Hennepin county and had it recorded. In 1924 plaintiff brought an action against the Madsons alleging that he had been induced to execute the contract, exhibit "A", by fraudulent misrepresentations, in respect to the provisions above mentioned, and asking that it be decreed to be a specific lien upon the property for the amount of the loan. He also filed a notice of lis pendens. Defendant was negotiating for a new loan on the property to pay up the mortgage and certain mechanics' liens which had accrued against it, but was unable to secure the loan with this action pending. In 1925 plaintiff and defendant made an agreement by which the action was settled, and plaintiff executed and delivered a release and discharge of his lien against the property, which release, designated as exhibit "B", was thereafter recorded. Plaintiff also executed a dismissal of the action and a discharge of the lis pendens, but later refused to file them and brought the present action. In this action he alleges the same facts and asks for the same relief as in the former action, and further alleges that exhibit "B" was obtained by fraudulent misrepresentations and undue influence and asks that it be canceled and annulled.

The court made 18 separately numbered findings of fact fully covering all the matters and dealings between the parties, and specifi-

cally found there had been no misrepresentation or undue influence of any sort at any time in respect to any of the transactions, and that plaintiff executed both exhibit "A" and exhibit "B" with full knowledge of their nature and effect. The court further found that plaintiff is entitled to a personal judgment against defendant for the sum of $1,500 and interest, but is not entitled to a lien on the property, and directed a judgment to that effect. Plaintiff appealed from an order denying a new trial.

The assignments of error, three in number, are in substance: First, that the findings of fact are not supported by the evidence; second, that the conclusions of law are based on findings of fact not supported by the evidence; and third, that the refusal to amend the findings of fact and conclusions of law or to grant a new trial was "contrary to the evidence and contrary to law."

It has been held many times that assignments of error in such general terms are insufficient to present any question for review.

"When the error specified is that the finding of the court below, or referee, is not sustained by the evidence, it shall specify particularly the finding complained of. No error not affecting the jurisdiction over the subject-matter will be considered unless stated in the assignment of errors." Rule VIII (3).

Where there are several findings, as in the present case, the particular one challenged must be pointed out. See citations in Dun. Dig. and Supps. § 361; also Bladine v. Bladine, 158 Minn. 296, 197 N. W. 261, and Bank of Dakota County v. Garvin, 167 Minn. 101, 208 N. W. 642.

We have carefully examined the record, however, and find sufficient evidence to sustain the findings of the trial court.

Plaintiff's principal contention seems to be that exhibit "A" should be given effect as constituting a mortgage on the property; and that the provisions in this instrument, that it shall not be recorded and that defendant may encumber, sell or convey the property "free and clear of any lien by reason of this agreement," are against public policy and therefore void and of no effect. We are unable to sustain this contention. The parties had a perfect right to make

the loan without security if they chose to do so. And if they saw fit to agree that plaintiff should have a lien on the property as between themselves but should have no lien as against any conveyance or encumbrance thereafter given by defendant to third parties, no reason occurs to us for saying they could not do so. The rights of the parties were created by and rested upon their contract; and the decisions cited relating to the waiver of legal rights are not in point, for no such rights were waived by this contract. Plaintiff had only the rights given by it. But as whatever rights it may have created in or upon the property were released and discharged by exhibit "B", there is no occasion to consider it further.

Plaintiff charged that the release, exhibit "B", was procured by fraudulent misrepresentations and undue influence. The court found that these charges were wholly unfounded, as previously stated. By the terms of the settlement plaintiff was to release and discharge all claims against the property to enable defendant to obtain his loan, and defendant was to pay plaintiff $500 in cash out of the money so obtained and give plaintiff his promissory note, payable on demand, for the remaining $1,000. Before the loan was consummated plaintiff refused to carry out the settlement on his part and commenced this action and filed a lis pendens preventing the completion of the loan. Plaintiff claims that the release was delivered conditionally to be held until the $500 was paid and that it never became operative. The court found to the contrary and we think was justified in so finding. The court further found that the settlement was valid and binding, and that defendant has at all times been ready and willing to carry it out on his part. The controlling facts found by the court are sustained by the evidence and the order is affirmed.