ISIDOR WALLNER v. RAYMOND SCHMITZ, INDIVIDUALLY,
AND RAYMOND SCHMITZ AND ANOTHER,
*d. b. a.* RAY'S PLACE.[1]

April 2, 1953.

No. 35,863.

*A. M. Joyce,* for appellant.

*Everett L. Young* and *L. A. Kunz,* for respondents.

[1]Reported in 57 N. W. (2d) 821.

. LORING, CHIEF JUSTICE.

This is an action for an accounting of all the assets and income of a certain tavern over a given period and for the recovery of one-half of the profits and sale price of said tavern. Plaintiff alleges in his complaint that he bought a one-half interest in the tavern from defendant Raymond Schmitz, who was then sole owner and that plaintiff and Schmitz operated said business as partners from March 1, 1948, until October 15, 1948, when plaintiff was wrongfully excluded from the operation of the business by Schmitz. The complaint further alleges that plaintiff has not received any amount from the profits or sale of said tavern except for the sum of $1,000, which was paid to plaintiff on December 11, 1948, only after plaintiff gave a release—

"* * * personal to defendant Schmitz which release was signed by plaintiff only because of his imperative need for money and which release was not based upon any accounting * * * and was obtained from plaintiff by duress and overreaching."

The only reference to any facts which might relate to this charge of duress is the separate allegation that plaintiff returned from World War II with impaired health and that on December 11, 1948—

"* * * plaintiff became so ill and suffered such impairment of health as rendered it necessary for him to enter [a hospital]."

In their answer, defendants denied any partnership and further set up the aforementioned release as a complete bar to all claims that plaintiff might have against defendants in reference to such matters.

· Defendants set out the release in full in their answer. In substance, it purports to be an instrument whereby the plaintiff does "release, * * * Ray Schmitz * * * from all liabilities * * * and all claims * * * on account of any understanding or contract or agreement" in relation to the operation of the tavern. In his reply, plaintiff made a general denial of all new matter in the answer.

At the beginning of the trial, counsel for defendants objected to the introduction of any evidence on the grounds that the complaint did not state a cause of action, since the release mentioned therein precludes the existence of a cause of action unless it is first set aside and the only allegation in reference to the invalidity of the release was that it was obtained by duress and overreaching without stating any facts which would constitute duress. Later, in chambers, counsel moved for judgment on the pleadings on the same grounds. The court granted defendants' motion for judgment on the pleadings with leave to plaintiff to amend his complaint within 30 days. Plaintiff made no offer to amend his complaint, and judgment was entered accordingly on December 29, 1951. The appeal is from this judgment.

■ A pleading may be attacked on the ground that it does not state a cause of action if, while stating a cause of action, it also states facts which constitute a defense to the action. See, 1 Pirsig's Dunnell, Minn. Pl. (3 ed.) § 121, and cases cited therein. Assuming the complaint in the case at bar states a cause of action, does it also admit a defense to that action?

2. A partnership is a contractual relationship as between the parties. Arnold v. De Booy, 161 Minn. 255, 201 N. W. 437, 39 A. L. R. 403; Meagher v. Fogarty, 129 Minn. 417, 152 N. W. 833; Baldwin v. Eddy, 64 Minn. 425, 67 N. W. 349. A release is a proper instrument for the settlement and discharge of a contract not by purporting to be a performance of the contract according to its terms but by voluntary surrender of the right to require a performance. Thompson v. Layman, 41 Minn. 295, 42 N. W. 1061; Johnson v. Madson, 171 Minn. 499, 214 N. W. 477; Moffat v. White, 203 Minn. 47, 279 N. W. 732. A release itself is a contract (Smith v. St. Paul & Duluth R. Co. 60 Minn. 330, 62 N. W. 392), and a contract is a proper instrument for dissolution of a partnership. See, Lines v. Wilson, 148 Minn. 156, 181 N. W. 202; 5 Dunnell, Dig. § 7389.

The fact that the uniform partnership act (M. S. A. 323.01 to 323.43) sets forth the method for distribution of assets on dissolu-

tion (§ 323.39) does not render this the exclusive method. Section 323.39 specifically states "subject to any agreement to the contrary: * * *." A contract for settlement, such as the release pleaded herein, would be such an agreement. See, Stroh v. Dumas, 117 Vt. 13, 84 A. (2d) 408; Michaels v. Donato, 4 N. J. Super. 570, 67 A. (2d) 911; Hunter v. Allen, 174 Ore. 261, 147 P. (2d) 213, modified on other grounds, 174 Ore. 286, 148 P. (2d) 936; In re Estate of Squeri, 37 Ohio Op. 316, 80 N. E. (2d) 733; George v. Shepard, 117 Colo. 135, 184 P. (2d) 473; Guenther v. Kutz, 270 Pa. 144, 112 A. 919; Spratt v. Dwyer, 171 Iowa 363, 151 N. W. 474; Lay v. Emery, 8 N. D. 515, 79 N. W. 1053; see, also, Lines v. Wilson, 148 Minn. 156, 181 N. W. 202; Rose v. Roberts, 9 Minn. 109 (119).

There is no question but that the cause of action stated in the complaint in the case at bar is for an unliquidated amount. The fact that an accounting is requested supports this interpretation. The allegation that a specific amount was contributed does not make that amount liquidated. Partners must share in losses, and a loss in the enterprise might well render the amount due a partner less than the amount contributed. § 323.17(1). A release on an unliquidated claim given for a valuable consideration is an effective defense to any action on that claim in the absence of circumstances rendering the release invalid. Addison Miller, Inc. v. American Cent. Ins. Co. 189 Minn. 336, 249 N. W. 795.

The fact that the complaint alleges that the release was personal to defendant Schmitz does not leave any cause of action against the partnership as an entity. While a partnership is often treated as an entity for the purpose of liability to third persons, as regards liability among themselves the partners deal with each other as individuals. §§ 323.01 to 323.43; Pederson v. Pederson, 229 Minn. 460, 39 N. W. (2d) 893.

Thus, the release, if valid, is an effective bar to the present action. The only remaining question is whether or not the complaint, after admitting the release, sets forth legally sufficient circumstances to render the release invalid.

■ A release may be set aside if obtained by duress or fraud. McKenzie-Hague Co. v. Carbide & Carbon Chemicals Corp. (8 Cir.) 73 F. (2d) 78; Lines v. Wilson, 148 Minn. 156, 181 N. W. 202. However, it is not enough to merely allege that a payment was obtained by duress. Kraemer v. Deustermann, 37 Minn. 469, 35 N. W. 276; Rand v. Board of Co. Commrs. 50 Minn. 391, 52 N. W. 901; Minneapolis S. & P. Co. v. Cunningham, 59 Minn. 325, 61 N. W. 329; Zimmermann v. Benz, 162 Minn. 47, 202 N. W. 272. The same is true when a release is sought to be avoided by an allegation that it was obtained by duress. Facts must be set forth which, under the law, constitute duress, from which the court or jury may find that the release was not given voluntarily, and, also, so that the opposing party may be apprised of what facts the complaining party alleges occurred which constitute compulsion or duress. The statement that plaintiff entered a hospital on the day the release was signed is not a sufficient allegation of facts to show duress.

■ It is true that the complaint is entitled to a liberal construction. M. S. A. 544.16; Chamber of Commerce v. Wells, 96 Minn. 492, 105 N. W. 1124; True v. Older, 227 Minn. 154, 34 N. W. (2d) 700.[2] However, here plaintiff was given an opportunity to amend and elaborate his allegation of duress and did not see fit to do so. He, therefore, chooses to stand or fall on his original complaint. Since it does state a valid defense, without setting forth legally sufficient facts to avoid this defense, judgment was correctly awarded to defendant.

Affirmed.

Mr. Justice Roger L. Dell, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[2]Since the judgment appealed from was entered December 29, 1951, the Rules of Civil Procedure, effective January 1, 1952, do not apply.