## W. B. BEEBE v. CHARLES K. WELLS.

1. STENOGRAPHER'S FEE, *Taxed as Costs.*  Section 6, chapter 189, Laws of 1885, provides that a stenographer's fee shall be taxed in each case in the district court in any county in which a stenographer may be appointed; such a fee must be taxed as costs in every case in such county, though the stenographer is not called upon to render any services in that particular case.

2. FEE, *Not a Tax.*  When a stenographer's fee is taxed as a part of the costs in an action in which no services of a stenographer have been rendered, such an item is not a tax within the purview of § 1, article 11 of the constitution of Kansas.  It is a fee to the public, imposed for the purpose of adjusting on an equitable basis as between a suitor and the public, the expense of the administration of justice.

*Error from Chase District Court.*

THE opinion states the case.

*Almerin Gillett,* for plaintiff in error.
*Mills & Wells,* for defendant in error.

Opinion by HOLT, C.: This action was tried at the December term, 1885, in the district court of Chase county.   There is but a single question to be decided here, and that is, whether the stenographer's fee of two dollars may be taxed and col-

lected in an action wherein no stenographer is employed. Section 6, chapter 189, Laws of 1885, is as follows:

"A 'stenographer's fee' of two dollars shall be taxed by the clerk of the court as costs in each case in the district court in any county in which a stenographer shall be appointed, which, when collected, shall be paid into the county treasury."

There is no condition in this section itself which requires the services of a stenographer to be rendered before the fee is taxed. Plaintiff in error contends that this section is unconstitutional, being in contravention of §1, article 11, constitution of Kansas, which· is, that the legislature shall provide for a uniform and equal rate of assessment and taxation. He urges that the fee required from the suitor in each action is an arbitrary exaction to defray the salaries of public officers, which is a public matter, and should be borne by the general public by a general tax.

We have no inclination to controvert his arguments against the policy of this law. We are simply called upon to examine and pass upon the question whether the legislature had the power to enact such a law, and have nothing to do with the policy of such an enactment. It will be noticed that the two dollars to be collected is called a fee, not a tax, although it is to be taxed by the clerk. We presume it will be admitted that the word "taxed" is here used in the sense of assessing, fixing or determining the amount to be paid by the unsuccessful party in an action in court. This signification of the word *tax* is a familiar one in judicial proceedings. The plaintiff urges, however, that it is an arbitrary exaction for which no services have been rendered, and though it may not bear the name, it is in reality a tax, and being one, it lacks the essential elements of equality and uniformity. To support his claim he cites *A. T. & S. F. Rld. Co. v. Howe, Treas.*, 32 Kas. 737. In that case it was decided by this court that § 4, chapter 124, Laws of 1883, is in violation of §1, article 11 of the constitution. Said section is as follows:

"To provide a fund for the payment of the salaries and current expenses of the board of commissioners and secretary,

the board shall certify to the auditor of state, on or before the 20th day of May, in each year, the amount necessary to defray the same; which amount shall be divided *pro rata* among the several railroad companies, according to the assessed valuation of their property in the state, and the auditor shall thereupon certify to the county clerk of each county the amount due from the several railroad corporations located and operated in said county, and the county clerk shall place the same on the tax-rolls of his county, to be collected the same as other taxes upon railroad property; and the county treasurer shall account to the state for the same as provided by law for the other state funds: *Provided,* That in unorganized counties the amount so found due from railroad companies therein shall be included in and levied and collected with such taxes as are levied and collected by the state from railroad companies located in said un-organized counties."

Mr. Justice HURD, speaking for the court in that case, said:

"We think that the taxation provided for in the fourth section of chapter 124 of the Laws of 1883 is a tax upon one class or species of property, to be collected from property in the same manner as taxes on personal property are collectible within the state; and that the section aforesaid, authorizing the levy and collection of such taxes, is in conflict with § 1 of article 11 of the constitution, providing for a uniform and equal rate of taxation. . . . It is evident that the legis-lature regarded this tax as a property tax, and not as a license or an inspection tax, because the tax is not assessed upon all the companies, corporations and persons subject to be regulated by the provisions of the statute."

We think there is this difference between § 6 we are now considering and § 4 of that act which was then pronounced unconstitutional: in the law providing for the salaries of rail-road commissioners the tax was to be collected from one class of property assessed upon an *ad valorem* basis, but not as-sessed upon the property of all the companies, corporations and persons subject to be regulated by the provisions of the statute. In the act now under consideration it is not proposed to tax property on any principle of valuation, but the same fee is taxed in each case, without regard to the number or condition of the parties to the action, the amount involved, or the time consumed in the trial

1. Stenogra-
pher's fee,
taxed as costs.

of the cause. There is no case excepted; all suitors are treated alike. In that respect, at least, the law has the elements of uniformity and equality.

The question now presents itself, What is a tax within the purview of § 1, article 11? This section of our constitution has been repeatedly examined and discussed by this court. Mr. Justice VALENTINE, speaking of the construction of the clause, "The legislature shall provide for a uniform and equal rate of assessment and taxation," says:

"The constitution does not require that the *manner or mode of assessing and taxing* property, or the manner and mode of *collecting the taxes,* shall be equal and uniform, but it simply requires that all property shall be assessed and taxed at *an equal and uniform rate.* This the legislature has provided for. All taxable property, real and personal, within this state, must, under the statutes, be assessed at its true value in money, and the taxes levied upon said assessment must be at an equal and uniform rate. The state taxes, under the statutes, are equal and uniform throughout the state, being levied on a uniform valuation, and fixed at a uniform rate on each dollar of the valuation throughout the state. Each county tax is equal and uniform in the same manner throughout the county, and the same may be said of the taxes of each township, district, city, and village; and this is all that is required by the constitution." (*M. R. Ft. S. & G. Rld. Co. v. Morris,* 7 Kas. 221.)

Also, in *Comm'rs of Ottawa Co. v. Nelson,* 19 Kas. 234, it is said, *arguendo:*

"Neither do we suppose that capitation taxes, or poll taxes, or requirements to work on the roads, or to train in the militia, come within said constitutional provision, although evidently they are all taxes in one sense."

The courts in other states have also construed constitutional provisions similar to the one contained in § 1, article 11 of our constitution. They have uniformly held that the words "equal and uniform," used in reference to assessment and taxation, apply only to a direct tax upon property in order to prevent arbitrary taxation from being imposed without regard to the kind, quality or value of the property taxed. It has also been repeatedly recited that such a provision is no limitation on the

power of the legislature as to the other subjects of taxation. (*The State, ex rel., v. Lancaster Co.*, 4 Neb. 537; *Sawyer v. City of Alton*, 3 Scam. 127; *Glasgow v. Rowse*, 43 Mo. 479, 491; *Aulanier v. Governor*, 1 Tex. 653.)   The power of taxation is an attribute of sovereignty, and the rule is well established that the taxing power in the legislature is without limit, except such as may be prescribed by the constitution itself; and before a statute should be pronounced unconstitutional, it must be clearly an infringement of the superior law beyond a substantial doubt. (*The State, ex rel., v. Robinson*, 1 Kas. 17.)   Applying the rules, so plainly laid down in the authorities cited, to § 6 which we are now considering, it is evident 2. Valid statute; fee, not a tax.   that such section is not clearly an infringement of our constitution providing for an equal rate of assessment and taxation; that a stenographer's fee is not a tax as therein contemplated, it not being a burden imposed upon property to raise money for public purposes.

Laws similar to the one now being considered, under similar constitutional provisions, have been held valid by the courts of Tennessee, Arkansas, North Carolina, and Nebraska, and the amounts charged and collected have been pronounced legal under the different names of taxes, charges, penalties, costs, and fees.   They all have virtually the same essential properties, whatever they may have been designated, and have been usually imposed for the purpose of adjusting on an equitable basis, as between a suitor and the public, the expense of the administration of justice.

Considering its nature and object, the item of two dollars provided for in § 6 may very properly be characterized as a fee to the public, as distinguished from a tax.   It is taxed as a stenographer's fee, and though it has some of the qualities of a tax, it is not levied, assessed or collected as taxes usually are in this state, and especially is wanting in the essential qualities of being assessed upon property in proportion to its value.   We cite as authorities sustaining the views set forth in this opinion: Cooley on Taxation, 31, and note; *Murphy*

*v. The State,* 38 Ark. 514; *Hewlett v. Nutt,* 79 N. C. 263; *Harrison v. Willis,* 7 Heisk. 35; and those cited, *supra.*

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.