Erastus F. Mearkle and others, Executors, *vs.* County of Hennepin.

November 29, 1890.

**Illegal Tax—Recovery of Money Paid.**—*State* v. *Nelson*, 41 Minn. 25, followed, sustaining the right of one who is compelled to pay an illegal tax, to avoid serious prejudice to important property rights, to recover the money paid.

**Same—Payment of Probate Fees by Executors, under Void Statute.** Such a right of recovery sustained, under the circumstances stated, as to money paid under protest to a county treasurer, by the personal representatives of a deceased person, in accordance with a statute (since then held to be unconstitutional) prescribing such payment as a condition precedent to the exercise of the jurisdiction of the probate court in the administration of the estate.

**Same—Two Years' Delay not a Bar.**—The fact that the action was not brought until two years after the payment was made, does not forbid a recovery.

Appeal by defendant from an order of the district court for Hennepin county, *Young,* J., presiding, overruling a demurrer to the complaint.

*Robert Jamison* and *Frank M. Nye,* for appellant.

*Hale & Peck,* for respondents.

DICKINSON, J.[1] This action is for the recovery of the sum of $5,000, which the plaintiffs, as the executors of the will of Thomas A. Harrison, paid to the treasurer of Hennepin county, in March, 1888, pursuant to the statute, (Laws 1885, *c.* 103,) and which, by the terms of the law, was required to be so paid as a condition precedent to the exercise of the jurisdiction of the probate court in the settlement of the estate. The provisions of that law are more fully set forth in our decision in *State* v. *Gorman,* 40 Minn. 232, (41 N. W. Rep. 948,) in which the statute was held to be unconstitutional. This appeal is from an order overruling a demurrer to the complaint, and the question to be decided is whether, the law requiring such payment to be made being unconstitutional, the money paid under the circumstances stated in the complaint may be recovered by action.

The circumstances connected with the payment were as follows: The deceased was a resident of Hennepin county at the time of his death. His will was duly proved in the probate court of that county, and these plaintiffs became the qualified executors of it. An appraisal of the estate was made in accordance with the law, which showed that there was personal property belonging to the estate of the value of $897,058.79, and real property of the value of $383,600. Upon the return and filing of the inventory in probate court, the judge of that court, pursuant to the provisions of the statute, refused to allow the further administration of the estate to proceed, without the payment into the county treasury of the sum of $5,000, although

[1] Mitchell, J., was absent and took no part in this case.

the plaintiffs formally petitioned the court for the allowance of further proceedings, and sought an order for creditors to produce and file their claims.   The payment was then made, under a formal protest in writing, wherein the executors set forth the refusal of the probate court to allow such proceedings for the settlement of the estate except upon the condition precedent that such payment be made, and wherein they protested against such requirement on the ground that the statute was unconstitutional and void.   Included in the personal property of the estate was a large amount of commercial paper, bonds, and stocks, which required immediate attention on the part of the executors, and any delay in the settlement of the estate would have been of great detriment to the estate; and, in order to properly manage and protect the estate, as is alleged, the plaintiffs were compelled to and did make the payment.

The facts being as above set forth, we consider that the right to recover the money, the payment of which was thus illegally exacted, has been determined by the decisions which we have heretofore made. *State* v. *Gorman, supra; State* v. *Nelson,* 41 Minn. 25, (42 N.W. Rep. 548,) and cases cited.   The latter case cannot be distinguished in principle from this, and the reasons and authorities upon which that decision was made are so fully applicable to the question now before us that we refer to that opinion as expressing what we deem to be the law, in accordance with which this case must be decided.

But little more need be added.   The necessity for going on with the legally prescribed proceedings in the probate court for the administration, care, and settlement of this very large estate is apparent from the facts stated.   The court whose jurisdiction was exclusive refused to exercise the necessary jurisdiction, acting in compliance with the express requirement of the statute.   The court decided that the statute must be complied with, and no appeal would lie from the order of the court denying the petition of the plaintiffs.   No course was left to the executors but to pay the tax, as required by the statute and by order of the probate court, or to seek by *mandamus* proceedings, if that would have been a proper remedy, to secure a further adjudication as to the constitutionality of the law.   But, if

the latter course were pursued, the proceedings for the administration of the estate would have remained in suspense until a final adjudication could be had; and, in view of the facts that the payment was exacted by a statute law which had been in force and had been observed for several years; that the court having exclusive jurisdiction in this matter decided the law to be constitutional; that the plaintiffs could not know that the law was invalid, or that it would be so declared to be by this court; of the magnitude of the interests involved; and of the fact that the plaintiffs might well consider that they would be deemed culpable if they were to suffer the administration of this estate to be delayed,—we think that the payment is to be deemed so far compulsory upon them that, being made under protest, the money may be recovered as an illegal exaction and not voluntarily paid.

We decide against the appellant, without discussing it, the point that the plaintiffs ought not to recover, because this action was not commenced until two years had elapsed after the money was paid.

Order affirmed.