ANDREW DE GRAFF, Trustee, *vs.* COUNTY OF RAMSEY.

June 11, 1891.

| 46 | 319 |
|----|-----|
| 49 | 566 |
| 46 | 319 |
| 50 | 392 |
| 46 | 319 |
| f79 | 290 |

**Illegal Tax—Voluntary Payment—Effect of Protest.**— Evidence considered, and *held* to justify a finding that an executor paying into the county treasury the amount required by Laws 1885, c. 103, (afterwards declared to be unconstitutional,) did so voluntarily, and without objection.

Appeal by defendant, as trustee under the will of Charles A. De Graff, deceased, from an order of the district court for Ramsey county, refusing a new trial after a trial before *Brill, J.*, and judgment ordered for defendant.

*Morris & Williams,* for appellant.

*Thos. D. O'Brien* and *Pierce Butler,* for respondent.

GILFILLAN, C. J. Plaintiff was the executor of the last will and testament of Charles A. De Graff, which was probated in the probate court in the county of Ramsey. He filed an inventory and appraisement of the estate. Thereupon the probate judge informed him that

under the provisions of Laws 1875, *c.* 37, as amended by Laws 1885, *c.* 103,—which amendment was since declared unconstitutional, *State* v. *Gorman*, 40 Minn. 232, (41 N. W. Rep. 948,)—it was necessary, before proceeding further in the administration, that he should pay into the county treasury $1,000, and file in the probate court a receipt therefor. And thereupon, as found by the court below, he voluntarily and without objection made such payment, and took and filed such receipt, which payment was made solely by reason of the provisions of said statute and of such information. The action is to recover from the county the amount so paid into its treasury. The court below held that, as the plaintiff paid the money voluntarily and without objection, he cannot recover. The appellant assigns as error that the finding of fact that the payment was voluntary is not sustained by the evidence. We have examined the evidence, and find that if in such a case the payment may be voluntary, it justifies the finding. It may be stated as a general rule that where an unfounded or illegal demand is made upon a person, and the law furnishes him adequate protection against it, or gives him an adequate remedy in the premises, if he pay what is demanded, instead of taking the protection the law gives him or the remedy it furnishes, he is to be deemed to have made the payment voluntarily, and he must abide by it. There is a class of cases where, although there be a legal remedy, his situation or the situation of his property is such that the legal remedy would not be adequate to protect him from irreparable prejudice,—where the circumstances and the necessity to protect himself or his property otherwise than by resort to the legal remedy may operate as a stress or coercion upon him to comply with the illegal demand. In such cases his act will be deemed to have been done under duress, and not of his free will. Such cases were *Fargusson* v. *Winslow*, 34 Minn. 384, (25 N. W. Rep. 942;) *State* v. *Nelson*, 41 Minn. 25, (42 N. W. Rep. 548;) *Mearkle* v. *County of Hennepin*, 44 Minn. 546, (47 N. W. Rep. 165,) and the other cases cited by the respondent. In the *Mearkle Case*, which is more nearly like this than any other cited, the circumstances and condition of the estate were such that the court could see great and irreparable injury would accrue to it while the executor was seeking his legal remedy,

and the payment was made under protest, so that not only the payor, but the payee also, understood that the former claimed the payment to be involuntary. We do not mean to say that in a clear case of coercion or duress a protest is necessary, or that it would be sufficient without circumstances of coercion; but if there be doubt, under the circumstances, that the payment is voluntary, it may be taken into account in determining the question that the payor declared as a part of his act that he paid involuntarily. In this case the evidence was not such as to require a finding that the estate would suffer while the executor might be enforcing the remedy afforded by the law against the refusal of a court to proceed when it is its duty to do so.

Order affirmed.