A. B. MALIN and Maria E. Dobler, as Administrators of the Estate of Gottlieb J. Dobler, Deceased, v. COUNTY OF LAMOURE, State of North Dakota, a Municipal Corporation, State Tax Commission, *Amicus Curiæ* Intervener.

(50 L.R.A.(N.S.) 997, 145 N. W. 582.)

**Act — bill — title — one subject — Constitution — taxation — uniform rule — county courts — estates — fees for probate.**

1. Chapter 119 of the Laws of 1909, which is entitled: "An Act to Amend § 2589 of the Revised Codes of 1905, Relating to the Fees of County Court," and which provides for an initial fee of $5 and an additional charge of $5 for each and every $1,000 or fraction thereof in excess of the first thousand dollars on the value of the estates, to be paid by the petitioner for letters testamentary, of administration, or of guardianship, is unconstitutional in so far as the additional charge or fee of $5 for each and every thousand dollars or fraction thereof in excess of the first thousand dollars is concerned, and violates § 11, article 1, of the Constitution of North Dakota, which provides that: "All laws of a general nature shall have a uniform operation;" § 22, article 1, which provides that "all courts shall be open, and every man, for any

injury done to him in his lands, goods, person, or reputation, shall have remedy by due process of law, and right and justice administered without sale, denial, or delay;" § 61, article 2, which provides that "no bill shall embrace more than one subject, which shall be expressed in its title," etc.; § 175, article 11, which provides that "no tax shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same, to which only it shall be applied;" and § 176, article 11, which provides that "laws shall be passed, taxing by uniform rule all property according to its true value in money." The same is true of § 2589, Rev. Codes 1905, being chapter 87 of the Laws of 1905, and of chapter 127 of the Laws of 1913, and in so far as the fee or charge of $5 for each and every $1,000 or fraction thereof in excess of the first one thousand dollars is concerned. Chapter 66 of the Laws of 1903, and § 2071 of the Rev. Codes of 1899, being chapter 50 of the Laws of 1890, however, are invalid even as to the initial fee of $5, as such is not imposed upon all estates equally, but according to the value thereof. They are necessarily equally invalid as to the added fee of $5 for every $1,000 additional value.

**Fees of county courts — estates — inheritance taxes — words — incompetents — Constitution.**

2. The fees or charges provided for in chapter 119 of the Laws of 1909 are not inheritance taxes or analogous thereto. An inheritance tax is a tax or charge upon the privilege of succeeding to or inheriting property, and is paid out of that which is inherited, while the charges in question are levied not only upon the estate as a whole, whether solvent or insolvent, but upon the estates of wards and incompetents.

**Costs — work performed — proportionate.**

3. Such charges cannot be regarded as mere court costs, as they are in no way proportionate to or based upon the work performed or the services rendered.

**Taxes upon property — privilege — value of property — levy — invalid — not uniform.**

4. They are taxes upon property rather than taxes upon or charges for a privilege. As such they are invalid, as they are not levied according to the true value of such property, or to the uniform rule which is adopted in regard to similar property.

**Constitution — courts — open — remedy — restraints — charges.**

5. Section 22, article 1, of the Constitution of North Dakota, which provides that "all courts shall be open, and any man for any injury done him in his lands, goods, or reputation shall have remedy by due process of law, and right and justice administered without sale, denial, or delay," is aimed, not merely against bribery and the direct selling of justice by magistrates and officials, but against the imposition of unreasonable restraints upon and charges for the use of the courts.

**Charges — officer — color of law — public services — paid under protest —
compulsion — duress — recovery from county.**

6. Such charges having, in the case at bar, been demanded of the plaintiff
by an officer acting under color of law, and for public services which the plain-
tiff was entitled to have performed, and having been paid under written pro-
test and under circumstances where injury to the estate and to third parties
would have resulted from a refusal to pay such fees, and a resort to legal
remedies to compel the performance of the official duties, were paid under
compulsion and duress, and can be recovered from the county upon a proper
showing being made.

**Part of statute unconstitutional — validity of remainder.**

7. Where a part of a statute is unconstitutional, that fact does not require
the courts to declare the remainder void also, unless all the provisions are con-
nected in subject-matter depending upon each other, operating together for
the same purpose, or otherwise so connected together in meaning that it can-
not be presumed the legislature would have passed the one without the other.

**Reasonable court fees — requirement for — uniformity — valid.**

8. A requirement for reasonable court fees will be sustained, and is not
unconstitutional as being a denial or sale of justice, provided that the fee is
reasonable, is uniform in its application, and has some reasonable connection
with the services rendered. The portions of the statute before considered, there-
fore, which provide for an initial fee of $5 and for the expenditures for publish-
ing and sending out notices, are valid and are sustained.

Opinion filed February 16, 1914.

Appeal from the District court of LaMoure County, *Coffey,* J.
Appeal from an order overruling a demurrer.
Affirmed.

Statement by BRUCE, J.

The plaintiffs herein as administrators of the estate of Gottlieb J.
Dobler, deceased, paid under protest to the county treasurer of LaMoure
county the statutory probate fees, amounting in the case to $335, and
prescribed by § 2589, Rev. Codes 1905, as amended by chapter 119 of
the Laws of 1909, and thereafter brought this action in the district
court of LaMoure county to recover the sum so paid, alleging in their
complaint that the act under which the same was paid was unconsti-
tutional. A demurrer was interposed to the complaint and overruled.
From the order overruling this demurrer this appeal is taken.

Chapter 119 of the Laws of 1909 reads as follows: An Act to Amend § 2589 of the Revised Codes of 1905, Relating to the Fees of County Court. Be it enacted by the legislative assembly of the state of North Dakota: § 1. Amendment Section 2589 of the Revised Codes of 1905 of the state of North Dakota is hereby amended to read as follows: § 2589. County to be Reimbursed. How. For the purpose of reimbursing the county for the salaries provided in the foregoing sections to be paid the judges of county courts, each petitioner for letters testamentary, or administration or guardianship, before filing the same in the county court, shall pay or cause to be paid into the county treasury, for the use and benefit of the county in whose county court proceedings are to be instituted to settle the estate of a deceased person or for the appointment of a guardian, the sum of five dollars, and when the value of said estate has been ascertained by the court, through the inventory and appraisement or upon hearing of same, as legally required, within thirty days after the issuance of letters testamentary, administration or guardianship, the judge of said court shall require an additional fee to be paid from said estate into said county treasury, of five dollars for each and every one thousand dollars or fraction thereof, in excess of the first one thousand dollars of value therein found, as shown by said inventory and appraisement, and in all cases in addition thereto, all sums necessarily expended in publishing or serving notices required by law. In all civil and criminal actions the same fees and costs shall be paid as in like actions in the district court, the same to be paid to the clerk of the county court, a record to be kept thereof, and the same turned over by him to the county treasurer."

Chapter 66 of the Laws of 1903 (§ 2589 of the Revised Codes of 1905), which chapter 119 of the Laws of 1909 amends, is as follows: "An Act to Amend § 2071 of the Revised Codes of 1899, Relating to Reimbursing Counties for Salaries Paid to Judges of County Courts. Be it enacted by the legislative assembly of the state of North Dakota: § 1 Amendment, Section 2071 of the Revised Codes of 1899, relating to reimbursing counties for salaries paid to judges of county courts, is hereby amended so as to read as follows: § 2071. County to be Reimbursed. How. For the purpose of reimbursing the county for the salaries provided in the foregoing sections to be paid to the judges of

the county courts, each petitioner for letters testamentary, of adminis-
tration or guardianship, before filing the same in the county court,
shall pay or cause to be paid into the county treasury, for the use and
benefit of the county in whose county court proceedings are to be insti-
tuted to settle the estate of any deceased person, or for the appoint-
ment of a guardian, a sum of money according to the value of the
estate of such deceased person, or of such ward, as appears from the
sworn statement in the petition of such applicant: Five dollars when
the value of the estate does not exceed one thousand dollars; five dollars
additional for each and every one thousand dollars additional value
thereto; and in all cases in addition thereto, all sums necessarily ex-
pended in publishing or serving notices required by law. In all civil
and criminal actions the same fees and costs shall be paid as in like
actions in the district court, the same to be paid to the judge of the
county court, a record to be kept thereof and the same turned over by
him to the county treasurer."

Section 2071 of the Revised Codes of 1899, which is amended by
chapter 66 of the Laws of 1903, is but a restatement of § 4 of chapter
50 of the Laws of 1890, which section is as follows: "Section 4. How
County Treasurer to be Reimbursed. For the purpose of reimbursing
the county treasurer for the salaries provided in the foregoing sections
to be paid to the judges of the county courts, each petition for letters
testamentary, administration or of guardianship, before filing the
same in the county court, shall pay or cause to be paid into the county
treasury, for the use and benefit of the county in whose county court
proceedings are to be instituted to settle the estate of any deceased per-
son or for the appointment of a guardian, the following sums, according
to the value of the estate of such deceased person or [for the value of
the estate of such deceased person or] of such ward, as appears by the
sworn statement in the petition of such applicant, that is to say: Five
(5) dollars when the value of such estate does not exceed the sum of
five hundred (500) dollars; ten (10 dollars when the value of such
estate does not exceed the sum of $1,500; fifteen (15) dollars when the
value of such estate does not exceed $2,500; twenty (20) dollars when
the value of such estate does not exceed $5,000, but does exceed $2,500;
twenty-five (25) dollars when the value of such estate exceeds the sum
of $5,000, and shall not exceed $10,000; thirty (30) dollars when such

estate exceeds the sum of $10,000, but not $15,000; forty (40) dollars when the value of such estate shall exceed the sum of $15,000, but not of $20,000; fifty (50) dollars when the value of such estate exceeds the sum of $20,000, but not of $25,000; and seventy-five (75) dollars in all cases where the value of such estate shall exceed the sum of $25,000, and in all cases in addition, all sums necessarily expended in publishing or serving notices required by law. And in the adjudication of all civil and criminal actions the same fees and costs shall be paid as in like actions and matters in the district court, the same to be paid to the judge of the county court, a record [to] be kept of, and by him turned over to the county treasurer."

This act contained other provisions, and its title was: "An Act to Fix the Compensation of the Judges of the County Courts and Provide a Fund to Reimburse the County for the Same." Section 4 of chapter 50 of the Laws of 1890 is copied *verbatim* into the Revised Codes of 1895, being § 2071 thereof. The same being true of chapter 50 of the Laws of 1890, with the exception that § 2 is amended as to the amount of salary of the clerk and § 3 as to the determination of the population upon which the salaries are based.

The petition placed the right to recover upon the proposition that the statute in question violated the following provisions of the Constitution of North Dakota:

(1) Section 11, article 1, "All laws of a general nature shall have a uniform operation."

(2) Section 22, article 1, "All courts shall be open, and every man for any injury done him in his lands, goods, person or reputation shall have remedy by due process of law, and right and justice administered without sale, denial or delay."

(3) Section 61, article 2, "No bill shall embrace more than one subject, which shall be expressed in its title, but a bill which violates this provision shall be invalidated thereby only as to so much thereof as shall not be so expressed."

(4) Section 175, article 11, "No tax shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same, to which only it shall be applied."

(5) Section 176, article 11, "Laws shall be passed, taxing by uniform rule all property according to its true value in money," etc.

27 N. D.—10.

*Walter H. Murfin,* for appellant.

If a state may deny the privilege of succession, it follows that, when it grants it, it may annex to the grant any condition which it supposes to be required by its interests or policy. The charge involved in this case amounts to an inheritance tax. Magoun v. Illinois Trust & Sav. Bank, 170 U. S. 283, 42 L. ed. 1037, 18 Sup. Ct. Rep. 594.

No bill shall embrace more than one subject. N. D. Const. art. II. § 61; Re Magnes, 32 Colo. 527, 77 Pac. 853; Richard v. Stark County, 8 N. D. 392, 79 N. W. 863; State ex rel. Goodsill v. Woodmansee, 1 N. D. 246, 11 L.R.A. 420, 46 N. W. 970; Eaton v. Guarantee Co. 11 N. D. 79, 88 N. W. 1029.

The means and instrumentalities by which the purposes of an act are to be accomplished need not be expressed in its title. State v. Applegarth, 81 Md. 293, 28 L.R.A. 812, 31 Atl. 961; People v. Parks, 58 Cal. 635; Fahey v. State, 27 Tex. App. 146, 11 Am. St. Rep. 182, 11 S. W. 108; O'Leary v. Cook County, 28 Ill. 538.

"Due process of law" means an orderly proceeding adapted to the nature of the case, in which the citizen has the opportunity to be heard as to rights involved. 8 Cyc. 1082; Doyle's Petition (Re Gannon) 16 R. I. 537, 5 L.R.A. 359, 27 Am. St. Rep. 759, 18 Atl. 159; McGavock v. Omaha, 40 Neb. 64, 58 N. W. 543.

If this is an inheritance tax, then a personal notice and opportunity to be heard, or to resist, is not necessary, as in case of a *tax on property.* Union Trust Co. v. Wayne Probate Judge, 125 Mich. 487, 84 N. W. 1101; Hacker v. Howe, 72 Neb. 385, 100 N. W. 1127, 101 N. W. 255; Hostetter v. State, 26 Ohio C. C. 702; Bell's Gap R. Co. v. Pennsylvania, 134 U. S. 232, 33 L. ed. 892, 10 Sup. St. Rep. 533.

An inheritance tax graduated in proportion to the amount of the inheritance is not unconstitutional. Re Fox, 154 Mich. 5, 117 N. W. 558; Nunnemacher v. State, 129 Wis. 190, 9 L.R.A.(N.S.) 121, 108 N. W. 627, 9 Ann. Cas. 711; Magoun v. Illinois Trust & Sav. Bank, 170 U. S. 283, 42 L. ed. 1037, 18 Sup. Ct. Rep. 594; Humphreys v. State, 70 Ohio St. 67, 65 L.R.A. 776, 101 Am. St. Rep. 888, 70 N. E. 957, 1 Ann. Cas. 233; Re Campbell, 143 Cal. 623, 77 Pac. 674; Nettleton's Appeal, 76 Conn. 235, 56 Atl. 565; Knowlton v. Moore, 178 U. S. 41, 44 L. ed. 969, 20 Sup. Ct. Rep. 747; Re McPherson, 104 N. Y. 306, 58 Am. Rep. 502, 10 N. E. 685.

It is only necessary that equal protection is given to all coming under each classification, in such a law. State ex rel. Taylor v. Guilbert, 70 Ohio St. 229, 71 N. E. 636, 1 Ann. Cas. 25; Peacock v. Pratt, 58 C. C. A. 48, 121 Fed. 773; Billings v. Illinois, 188 U. S. 97, 47 L. ed. 400, 23 Sup. Ct. Rep. 272; Re Blackstone, 171 N. Y. 682, 64 N. E. 1118; St. Louis, I. M. & S. R. Co. v. Davis, 132 Fed. 629; Nettleton's Appeal, 76 Conn. 235, 56 Atl. 565; Bell's Gap R. Co. v. Pennsylvania, 134 U. S. 232, 33 L. ed. 892, 10 Sup. Ct. Rep. 533.

The law in question is neither local nor special in its application. Gilson v. Rush County, 128 Ind. 65, 11 L.R.A. 835, 27 N. E. 235; Burnham v. Webster, 5 Mass. 268; Crawford v. Linn County, 11 Or. 482, 5 Pac. 738; Young v. Bank of Alexandria, 4 Cranch, 384, 2 L. ed. 655; State ex rel. Bell v. Frazier, 36 Or. 178, 59 Pac. 5.

Succession to an inheritance may be taxed as a *privilege,* notwithstanding the *property* of the *estate* is taxed. Re Magnes, 32 Colo. 527, 77 Pac. 853; State v. Alston, 94 Tenn. 674, 28 L.R.A. 178, 30 S. W. 750; West v. Phillips, 162 Mass. 113, 26 L.R.A. 259, 38 N. E. 512; State ex rel. Taylor v. Guilbert, 70 Ohio St. 229, 71 N. E. 636, 1 Ann. Cas. 25; Kochersperger v. Drake, 167 Ill. 122, 41 L.R.A. 446, 47 N. E. 321; Billings v. People, 189 Ill. 472, 59 L.R.A. 807, 59 N. E. 798, affirmed in 188 U. S. 97, 47 L. ed. 400, 23 Sup. Ct. Rep. 272; Cooley, Taxn. pp. 8, 30, 584.

Taxes on business or on parties commencing suits, or *special assessments,* are *not* taxes on *property.* Newby v. Platte County, 25 Mo. 258; Aachen & M. F. Ins. Co. v. Omaha, 72 Neb. 518, 101 N. W. 3; Cobb v. Durham County, 122 N. C. 307, 30 S. E. 338; State ex rel. Atchison & N. R. Co. v. Lancaster County, 4 Neb. 537, 19 Am. Rep. 641.

If these fees are taxes at all, they are inheritance taxes, and the law is valid. 24 Am. & Eng. Enc. Law, 433, 435; Clymer v. Com. 52 Pa. 187; Strode v. Com. 52 Pa. 181; Re Swift, 137 N. Y. 77, 18 L.R.A. 709, 32 N. E. 1096.

The possibility of a condition arising involving inequality among those who may feel the ultimate stress of the duty imposed, furnishes no ground for attack for nonuniformity. Hopkins's Appeal, 77 Conn. 644, 60 Atl. 657; Re Morris, 138 N. C. 259, 50 S. E. 682; Dixon v. Ricketts, 26 Utah, 215, 72 Pac. 947; Nunnemacher v. State, 129 Wis. 190,

9 L.R.A.(N.S.) 121, 108 N. W. 627, 9 Ann. Cas. 711; Gelsthorpe v. Furnell, 20 Mont. 299, 39 L.R.A. 170, 51 Pac. 267.

The right of the government to provide means and methods of taxation, as to classes or objects, is unquestioned. Re Keeney, 194 N. Y. 281, 87 N. E. 428; State ex rel. Foot v. Bazille, 97 Minn. 11, 6 L.R.A. (N.S.) 732, 106 N. W. 93, 7 Ann. Cas. 1056; Kochersperger v. Drake, 167 Ill. 122, 41 L.R.A. 446, 47 N. E. 321; Re Watson, 17 S. D. 486, 97 N. W. 463, 2 Ann. Cas. 321; Union Trust Co. v. Wayne Probate Judge, 125 Mich. 487, 84 N. W. 1101; State v. Hamlin, 86 Me. 495, 25 L.R.A. 632, 41 Am. St. Rep. 569, 30 Atl. 76.

The legislature may tax privileges, discriminate between relatives, and grant exemptions, without violating the rule requiring uniformity. 2 Woerner, Am. Law of Administration, 691a; Re Magnes, 32 Colo. 527, 77 Pac. 853.

Legacy and inheritance taxes have been in many states, and while of the assailed, have been upheld. Magoun v. Illinois Trust & Sav. Bank, 170 U. S. 283, 42 L. ed. 1037, 18 Sup. Ct. Rep. 594; Re McPherson, 104 N. Y. 306, 58 Am. Rep. 502, 10 N. E. 685.

*Davis & Warren,* for respondent.

Is § 2589, revised codes of 1905, as amended by chapter 119 of the Laws of 1909, constitutional? This is the only question here involved. The respondents contend that the so-called *fee* is a property tax. 37 Cyc. 713; Fatjo v. Pfister, 117 Cal. 83, 48 Pac. 1012; Cook County v. Fairbank, 222 Ill. 578, 78 N. E. 895; State ex rel. Davidson v. Gorman, 40 Minn. 232, 2 L.R.A. 701, 41 N. W. 948; State ex rel. Nettleton v. Case, 37 Wash. 177, 1 L.R.A.(N.S.) 152, 109 Am. St. Rep. 874, 81 Pac. 554; State ex rel. Sanderson v. Mann, 76 Wis. 469, 45 N. W. 526, 46 N. W. 51.

(Brief presented and filed with the consent of the court, on behalf of appellant county, by *L. E. Birdzell* and *Geo. E. Wallace,* attorneys and members of the North Dakota tax commission, as *Amici Curiæ.*)

That part of the law in question, requiring an initial fee of $5 to be paid to the county court upon filing a petition for the probate of an estate is valid, and not in conflict with any provision of our Constitution. State ex rel. Davidson v. Gorman, 40 Minn. 232, 2 L.R.A. 701, 41 N. W. 948; Fatjo v. Pfister, 117 Cal. 83, 48 Pac. 1012; State ex rel. Nettleton v. Case, 39 Wash. 177, 1 L.R.A.(N.S.) 152, 109 Am. St. Rep. 874, 81 Pac. 554; State ex rel. Sanderson v. Mann, 76 Wis.

469, 45 N. W. 526, 46 N. W. 51; Lewis v. San Francisco, 2 Cal. App. 112, 82 Pac. 1106; Trower v. San Francisco, 152 Cal. 479, 15 L.R.A. (N.S.) 183, 92 Pac. 1025; Cook County v. Fairbank, 222 Ill. 578, 78 N. E. 895; Mearkle v. Hennepin County, 44 Minn. 546, 47 N. W. 165.

An act may be valid *in part,* and the court have the right to separate, and to so declare, if that part which *remains* is *complete* and enforceable in itself. Cooley, Const. Lim. 7th ed. 24; State v. Klectzen, 8 N. D. 286, 78 N. W. 984, 11 Am. Crim. Rep. 324; Hirschfeld v. McCullagh, 64 Or. 502, 127 Pac. 541, 130 Pac. 1131; State ex rel. Minces v. Schoenig, 72 Minn. 528, 75 N. W. 711; Morrow v. Wipf, 22 S. D. 152, 115 N. W. 1121; Exchange Bank v. Hines, 3 Ohio St. 1; State v. Estabrook, 3 Nev. 173; Robinson v. Bidwell, 22 Cal. 379.

BRUCE, J. (after stating the facts as above).

The statute under consideration was adopted from Minnesota in 1890. Prior to its adoption by us, however, and in April 1889, it was declared invalid by the Minnesota courts. See State ex rel. Davidson v. Gorman, 40 Minn. 232, 2 L.R.A. 701, 41 N. W. 948. If the rule were followed that a statute is presumed to have been adopted with the construction placed upon it by the state of its origin, the statute would have been stillborn in North Dakota. We are perfectly satisfied, however, that the North Dakota legislature had no knowledge of the Minnesota case. Since the decision of the Minnesota case, similar if not identical statutes, and under similar if not identical constitutional provisions, have been passed upon and declared invalid by the supreme courts of California, Washington, Minnesota, Illinois, Wisconsin and Missouri. See Fatjo v. Pfister, 117 Cal. 83, 48 Pac. 1012; State ex rel. Nettleton v. Case, 39 Wash. 177, 1 L.R.A.(N.S.) 152, 109 Am. St. Rep. 874, 81 Pac. 554; State ex rel. Mann v. Brophy, 38 Wis. 413; State ex rel. Sanderson v. Mann, 76 Wis. 469, 45 N. W. 526, 46 N. W. 51; Cook County v. Fairbank, 222 Ill. 578, 78 N. E. 895; Mearkle v. Hennepin County, 44 Minn. 546, 47 N. W. 165; State ex rel. Garth v. Switzler, 143 Mo. 287, 40 L.R.A. 280, 65 Am. St. Rep. 653, 45 S. W. 245. See also 37 Cyc. 713, and cases cited. In fact, we have yet to find a single instance in which a similar statute has been upheld, either in the adjudicated cases or the *dicta* of the text writers.

The conclusion of these authorities, indeed, is that the charges, being

arbitrary, and not in any manner proportionate to the work done, are taxes, and not fees. As taxes they are held to be taxes upon property, rather than taxes upon a privilege, and therefore void because not imposed by uniform rule according to the true value in money.

If the charges could be looked upon in the nature of inheritance taxes, they could ·perhaps be sustained, but they are not inheritance taxes, as an inheritance tax is a tax upon the privilege of succeeding to or inheriting property, and is paid not out of the estate as a whole, but out of that part of it which is inherited. This is not the case with the present charge.· It is an ad valorem charge levied upon the estate, whether solvent or insolvent and is imposed not merely upon the estates of decedents, but upon the estates of minors and incompetents under guardianship. It is either, indeed, a tax upon property, or, if a tax or charge upon a privilege, a tax or charge upon the privilege of administering an estate or of enjoying the protection of the courts as a ward. "But the sums required by this act to be paid into the county treasury," says the supreme court of Minnesota in State ex rel. Davidson v. Gorman, 40 Minn. 232, 2 L.R.A. 701, 41 N. W. 948, "must be regarded as taxes, in the ordinary sense. of that word, and as it is used in the Constitution. They are not in any proper sense fees or costs assessed impartially, or with regard to the expense occasioned or services performed. The amounts are regulated wholly, but arbitrarily, with regard to the value of the estate. They have no proximate relation to the amount of the compensation to be paid to the probate judge, nor to the other expenses of the court, nor to the nature or extent of the services which may become necessary in the proceedings. There is no necessary, natural, or even probable correspondence between the sums to be paid (widely different in amounts with respect to estates of different values) and the nature of the proceedings, or the character or extent of the services, which may be required in the probate court. It cannot be assumed, upon any ground of probability, that these proceedings or services will be different or greater in the case of an estate of the value of more than $500,000 than in one of the value of from $35,000 to $50,000,—yet in the former case $5,000 must be paid, in the latter $100. . . . The purpose for which such payments are required is strictly public in its nature, being directly . . . and indirectly for the support of a court established by the Constitution, with exclusive

original jurisdiction in certain matters of great and general public concern. Nor is it practically optional with executors or administrators, or those interested in the settlement of the estates of deceased persons, as to whether they will pay these exactions or not. If the law is valid, payment is practically necessary in the great majority of cases; and the mode adopted by the statute of securing payment by making that a condition precedent to the exercise of the functions of the probate court is as really compulsory, and perhaps as effectual in general, as the means generally employed to enforce the payment of taxes." Again, in Fatjo v. Pfister, 117 Cal. 83, 48 Pac. 1012, we find the following: "It is perfectly plain that the legislature has attempted by that portion of § 1, above quoted, to levy a property tax upon all estates of decedents, infants, and incompetents. The ad valorem charge for filing the inventory is in no sense a fee, or compensation for the services of the officer, which are the same as respects this matter, in every estate, large or small. To call it a fee is a transparent. evasion. And it is not merely an inheritance tax, or at all analogous to an inheritance tax, as counsel would contend; for, in the first place, it applies not only to the estates of decedents, but also to the estates of minors and incompetents under guardianship; and, as to the estates. of decedents, it applies not to the distributable residue after payment of debts and expenses of administration, but to the whole body of the estate, and would be collectable, if the law were valid, from an insolvent estate, as well as from one of equal appraised value and with no liabilities. As an attempt to levy a property tax, the act is in this particular invalid for several reasons; 1. It violates § 1 of article 13 of the Constitution, in imposing an extraordinary tax upon the property to which it applies, in addition to the equal and uniform tax to which alone all property in the state is liable. 2. The subject of the act is not expressed in its title, and is in no wise germane thereto—a violation of § 24 of article 4 of the Constitution, which requires that every act shall embrace but one subject, which subject shall be expressed in its title."

We realize fully that reasonable court charges have generally been sustained by the authorities. We also realize that the creditor had little protection under the ancient law, and that it was only after many centuries that he could seek reimbursement from the estate of the deceased. See Pulliam v. Pulliam, 10 Fed. 53; Brown's Bl. Com. pp.

393, 394. We also realize that the property of the ward had originally but little protection. See Woerner, Am. Law of Guardianship, p. 3; 2 Bl. Com. 77. We realize, therefore, that both wards and creditors have privileges which formerly they did not enjoy; that is to say, the privilege of the use of the machinery of the county and probate courts for the protection of their property and property rights. We realize that the clause of the Magna Charta to the effect: *"Nulli vendimus, nulli negabimus aut differimus justitiam vel rectum,"* and which we have paraphrased in our Constitution, § 22, article 1, into: "All courts shall be open, and any man for any injury done him in his lands, goods, person, or reputation shall have remedy by due process of law, and right and justice administered without sale, denial or delay," has generally been construed not to prohibit the imposition of reasonable court costs, and was aimed rather against the selling of justice by magistrates themselves,—that is to say, bribery,— than the imposition of reasonable fees. See Northern Counties Trust v. Sears, 30 Or. 388, 35 L.R.A. 192, 41 Pac. 931; Harrison v. Willis, 1 Heisk. 46, 19 Am. Rep. 604; Townsend v. Townsend, Peck (Tenn.) 15, 14 Am. Dec. 722. We are quite satisfied, however, that prior to the adoption of the North Dakota Constitution the meaning had extended its original boundary, and that the provisions which are to be found in the Constitutions of all of the states were aimed not merely against the selling of justice by the magistrates, but by the state itself; in other words, that a free and reasonable access to the courts and to the privileges accorded by the courts, and without unreasonable charges, was intended to be guaranteed to everyone.

In answer, also, to the contention that the right of the creditor to participate in the estate by means of the machinery of the county court is a privilege which he did not originally enjoy, we may say that the right to redress in a very large number of cases may be equally considered so. Until the invention, indeed, of the writ of trespass upon the case in England, there were a very large number of wrongs for which no redress could be had in the courts. Such a fact, however, would, we believe, hardly justify an imposition of extra court costs or fees in such cases.

The petitioner, we believe, is, under any and all of the authorities, entitled to recover his money in the case at bar; that is to say, the amount paid in excess of the initial fee of $5 and the amount expended

in publishing or serving notices. The fees in excess of these amounts, and which from the complaint we gather are all that are claimed in the action, were demanded of the plaintiff by an officer acting under color of law, and for public services which the plaintiff was entitled to have performed. The complaint discloses that they were paid under written protest, and under circumstances and at a state of the proceedings when a refusal to pay them and a resort to compel the performance of the duties by legal proceedings and without such payment, would have involved a delay which would have been injurious both to the estate and the third parties. Under such a condition of affairs, the payment was involuntary, and not voluntary. Mearkle v. Hennepin County, 44 Minn. 546, 47 N. W. 165; State ex rel. McCardy v. Nelson, 41 Minn. 25, 4 L.R.A. 300, 42 N. W. 548; Cook County v. Fairbank, 222 Ill. 578, 78 N. E. 895; Chicago v. Northwestern Mut. L. Ins. Co. 218 Ill. 40, 1 L.R.A.(N.S.) 770, 75 N. E. 803; Trower v. San Francisco, 152 Cal. 479, 15 L.R.A.(N.S.) 183, 92 Pac. 1025; Fatjo v. Pfister, 117 Cal. 83, 48 Pac. 1012; State ex rel. Nettleton v. Case, 39 Wash. 177, 1 L.R.A.(N.S.) 152, 109 Am. St. Rep. 874, 81 Pac. 554; State ex rel. Sanderson v. Mann, 76 Wis. 469, 45 N. W. 526, 46 N. W. 51; State ex rel. Mann v. Brophy, 38 Wis. 413; State ex rel. Garth v. Switzler, 143 Mo. 287, 40 L.R.A. 280, 65 Am. St. Rep. 653, 45 S. W. 245; Lewis v. San Francisco, 2 Cal. App. 113, 82 Pac. 1106; Mobile & M. R. Co. v. Steiner, 61 Ala. 559; St. Anthony & D. Elevator Co. v. Bottineau County (St. Anthony & D. Elevator Co. v. Soucie) 9 N. D. 346, 50 L.R.A. 262, 83 N. W. 212.

The judgment of the District Court is affirmed.

## Supplemental Opinion.

BRUCE, J. The opinion which is filed in this case is a substituted opinion, the one first filed having been corrected so as to make it clear that only the fees and charges of $5 for each $1,000 or fraction thereof in excess of the first $1,000 come within the constitutional inhibitions, and are held to be illegally required. We have made this correction as the result of an intervening petition for rehearing which was filed by the tax commission as *amicus curiæ*. All that we strike out of the statute, in short, are the following words: "And when the

value of said estate has been ascertained by the court, through the inventory and appraisement or upon hearing of same, as legally required, within thirty days after the issuance of letters testamentary, of administration or guardianship, the judge of said court shall require an additional fee to be paid from said estate into said county treasury, of $5 for each and every one thousand dollars or fraction thereof [in excess of the first one thousand dollars] of value therein found, as shown by said inventory and appraisement." [Rev. Codes 1905, § 2589.] We find no fault with the remainder of the statute. We are quite satisfied, from the authorities and from an examination of the act, that the case is one in which the doctrine of "partial invalidity" may be applied, and that the clauses which are herein held invalid are not so essentially and inseparably connected in substance with the remainder of the act as to require a rejection of the whole statute. The rule is well established that where a part of a statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in subject-matter depending upon each other, operating together for the same purpose, or otherwise so connected in meaning that it cannot be presumed that the legislature would have passed the one without the other. See Cooley, Const. Lim. 7th ed. 246; Hirschfeld v. McCullagh, 64 Or. 502, 127 Pac. 541, 130 Pac. 1131.

We are satisfied that the initial fee of $5, as well as the expenditures for publishing and sending out notices, can be sustained as reasonable court charges, being levied uniformly upon all estates. The right to require reasonable court fees, indeed, has been so generally conceded, that a discussion of the proposition hardly seems to be necessary. The imposition of such fees is not a denial or sale of justice, provided that they are uniform, are reasonable, and have a reasonable relation to the services rendered. See Perce v. Hallett, 13 R. I. 364; Merrill v. Bowler, 20 R. I. 226, 38 Atl. 114; Northern Counties Trust Co. v. Sears, 30 Or. 388, 35 L.R.A. 192, 41 Pac. 931; State ex rel. Atty. Gen. v. First Judicial Dist. Judges, 21 Ohio St. 11; Lee County v. Abrahams, 34 Ark. 166; State ex rel. Williams v. Fogus, 19 Nev. 247, 9 Pac. 123; Comstock Mill & Min. Co. v. Allen, 21 Nev. 325, 31 Pac. 434; Baldwin v. Goldfrank, 88 Tex. 249, 31 S. W. 1064, affirming 9 Tex. Civ. App. 269; 26 S. W. 155; State ex rel. Atchison & N. R. Co. v. Lan-

caster County, 4 Neb. 537, 19 Am. Rep. 641; State ex rel. Hamilton County v. Ream, 16 Neb. 681, 21 N. W. 398; Beebe v. Wells, 37 Kan. 472, 15 Pac. 565; State ex rel. Bell v. Frazier, 36 Or. 178, 59 Pac. 5.

The same is true of § 2589, Rev. Codes 1905, being chapter 87 of the Laws of 1905, and of chapter 127 of the Laws of 1913, and in so far as the fee or charge of $5 for each and every $1,000 or fraction thereof in excess of the first thousand dollars is concerned. Chapter 66 of the Laws of 1903, and § 2071 of the Rev. Codes of 1899, being chapter 50 of the Laws of 1890, however, are invalid even as to the initial fee of $5, as such is not imposed upon all estates equally, but according to the value thereof. They are necessarily equally invalid as to the added fee of $5 for every $1,000 additional value. These acts are not strictly before us, but we mention the same in order that no confusion of administration may arise from this opinion.